## ROBERT T. BRILL v. STATE OF FLORIDA

32 So. (2nd) 607
November 18, 1947
Rehearing denied Dec. 11, 1947

June Term, 1947
Division A

*Coe & Eggart,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

TERRELL, J.:

In November 1939 appellant was informed against in two counts in the Court of Record of Escambia County. In the first count he was charged with selling "One pint of Moonshine whiskey, without having first obtained and procured and paid for a license from the State of Florida, authorizing him so to do." The second count charged that he did have in his possession containers of moonshine whiskey to which excise stamps were not affixed. He plead guilty to both counts. As to the second count he was sentenced to pay costs or serve three months in the county jail. As to the first count sentence was suspended "from day to day and term to term during good behavior and he is to report to Mr. H. C. Mitchell on the first of each month."

In February 1947, capias was issued and placed in the hands of Constable R. E. Davis, who arrested appellant, brought him before the court for a hearing to determine whether or not he had violated his conditional sentence. Immediately after his arrest, five officers of the Beverage Department who had accompanied Davis to appellant's place, entered and ransacked his home without a search warrant. They found a moonshine still, two barrels of mash and other equipment for making moonshine liquor in the kitchen.

At the hearing shortly after his arrest, appellant contended that the record of his conviction showed (1) no offense against the laws of the State, and (2) that the evidence secured at the search of his home, was inadmissible and moved to suppress it. The court overruled the first contention but made no immediate ruling on the motion to suppress the evidence obtained at the search. At a subsequent prosecution for having possession of the still and other equipment, appellant was discharged because the search was illegally made and the evidence procured thereby inadmissible. At the conclusion of the hearing appellant was sentenced to serve six months at hard labor in the county jail for selling moonshine liquor

without a license. His suspended sentence was accordingly revoked. This appeal is from that judgment.

It is first contended that the latter judgment should be reversed because appellant was convicted for selling moonshine liquor without a license, when no such license could be procured under the law. There is no merit to this contention. Section 562.05, Florida Statutes 1941, among other things, provides that no beverage containing more than one per cent of alcohol by weight shall be sold within the State without a license. The prosecution was brought under this act, the appellant plead guilty to the charge with knowledge of the result, and we think it fully covered the charge in count one which he admitted.

The second question challenges the validity of the evidence secured at the search of appellant's home, whether or not it should have been considered in voiding appellant's suspended sentence, and whether or not the court should have been influenced by it in sentencing him to six months at hard labor in the county jail.

The major concern of the court at the hearing was whether or not appellant had been on good behavior during his suspended sentence. The liberty he was enjoying was by judicial grace, he had already plead guilty to the offense of selling moonshine liquor. The hearing is in no sense a retrial of the main offense. Having plead guilty to that, he is now subject to be sentenced as he might have been at the time the suspended sentence was promulgated if he has not observed its conditions. The hearing was to determine this and no more.

Such hearings are informal and do not take the course of a regular trial, neither does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated. A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but this does not contemplate a strict or formal trial. Burns v. United States, 287 U. S. 216, 53 Sup. Ct. 154, 77 L. ed. 266; Escoe v. Zerbst, 295 U. S. 490, 55 Sup.

Ct. 640, 79 L. ed. 1566. Fleenor v. Hammond, et al., 116 Fed. (2nd) 982, 132 A.L.R. 1241.

After all is said, the sixty four dollar question with which we are confronted is whether or not the lower court abused his discretion in supplanting the suspended sentence with one to serve six months in the county jail. It is not a question of formal procedure with respect to notice, charges against the appellant, or examination of the evidence in support of the charges. Burns v. United States, Supra. The Courts all hold that whether the action involves a suspended sentence, pardon or parole, due process requires that a hearing be accorded the one charged. In the case at bar, this requirement was met when the appellant was brought before the court for examination. He was no less a person convicted of law violation and the suspension of his sentence was within the control of the court.

But appellant insists that the evidence upon which his suspended sentence was revoked, was unlawfully secured and should not have been considered. Appellant confuses this hearing with the main trial at which he pleaded guilty. As already pointed out, we are now concerned with the question of whether or not the trial court abused his discretion in revoking the suspended sentence. This question is resolved not by evidence of guilt, but by evidence as to good behavior during the period of his suspended sentence. At the hearing some evidence was taken besides that secured by the search, and this pointed very strongly to the violation of the terms of the suspended sentence.

Another factor that weighs heavily against the appellant, is the fact that at the hearing he did not open his mouth to explain away the charge against his recent conduct. In Escoe v. Zerbst, supra, the court held that the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation against him. So the hearing was not alone essential to due process, it was necessary to give the accused a chance to refute any challenge of his accusers and to show that the court did not abuse his discretion in revoking the suspended sentence.

Summarized, these facts may be readily gleaned or conclusively inferred from the record. The capias for the arrest of appellant was predicated on facts pointing to appellant's making moonshine liquor contrary to the terms of his suspended sentence. In the main, these facts were the smell of mash and the location of containers about his place, evidencing liquor making. On the day of the search, the smell of mash in and about the house and the location of receptacles in the bushes near the place, known to be adjuncts to liquor making, pointed to a like conclusion. Appellant did not attempt to explain away any of these evidences.

We would not hold the trial court in abuse of discretion for revoking the suspended sentence on this evidence. One who on conviction for selling moonshine liquor, accepts a suspended sentence conditioned on good behavior, is not in the best position to challenge the order of the court revoking such sentence when the hearing at which his behavior is tested discloses that he is secluding all the indicia of a moonshine liquor making about his place, and makes no attempt to explain them away even though given an opportunity to do so.

As to the evidence secured at the search, granting that it was illegally secured and that it was inadmissible at the main trial or at any trial for making moonshine liquor, as information on the point of whether or not appellant was violating the conditions of his suspended sentence, it has a different status, and if considered at all, it did nothing more than supplement the information already in hand. We are not advised what consideration, if any, the trial court gave this information, but we find no reason to reverse him on this ground. Information as to whether a suspended sentence for selling moonshine liquor has been violated, is different in category from evidence appropriate to convict one of such a crime. To reverse the judgment below on this ground would burden the law with a legal fiction to the point that would render it ridiculous.

The judgment appealed from is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.