140 So.2d 597 (1962)
STATE ex rel. Lewis ROBERTS, On Behalf of Charles Ronnie Roberts, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31249.
Supreme Court of Florida.
January 24, 1962.
Rehearing Denied February 22, 1962.
*598 Sam E. Murrell & Sons, Orlando, for petitioner.
Richard W. Ervin, Atty. Gen., and Bruce R. Jacob, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By a petition for a writ of habeas corpus Lewis Roberts seeks release of his son Charles Ronnie Roberts who is incarcerated in the State prison.
The petition raises a question regarding the validity of an order revoking probation and sentencing Charles Roberts to a term in the Apalachee Correctional Institution, a branch of the State prison system.
Pursuant to a plea of guilty Charles Roberts, hereafter referred to as "Roberts", was found guilty of the offense of breaking and entering with the intent to commit a misdemeanor, two charges of petit larceny and reckless driving. The Judge of the Criminal Court of Record of Orange County on November 27, 1957, suspended the imposition of sentence. He placed the accused on probation for a period of four years, subject to certain general conditions recorded elsewhere in the minutes of the Court. One of these conditions, so-called "Condition H", required that the accused "live and remain at liberty without violating any law." No assault is here made on the original Orange County conviction.
On September 26, 1960, and again on February 20, 1961, pursuant to separate pleas of guilty, Roberts was convicted and sentenced by the Judge of the Criminal Court of Record of Polk County for two liquor law violations. Thereafter on March 15, 1961, pursuant to a warrant charging a violation of probation the Judge of the Criminal Court of Record of Orange County entered an order revoking the probation by finding that Roberts "has not properly conducted himself, but has violated the conditions of his probation in a material respect by violating `Condition H' of his order of probation in being convicted * * *" of the liquor law offenses in Polk County. The Judge of the Criminal Court of Orange County thereupon sentenced Roberts to a term of six months to three years for the offenses for which he had been convicted November 6, 1957, when he had been originally placed on probation. When the Orange County sentences were imposed, Roberts had completed serving the Polk County sentences.
As previously stated, no assault is made on the validity of the 1957 proceeding in Orange County. It is here contended, however, that when Roberts was tried, convicted, and sentenced in Polk County he was an unmarried minor and his parents were not notified of the accusation against him and the subsequent trial as required by Section 932.38, Florida Statutes, F.S.A. It is asserted that the Polk County convictions were, therefore, invalidly obtained, Giles v. Cochran (Fla.) 129 So.2d 426, and consequently could furnish no valid basis for the revocation of probation by the Judge of the Criminal Court of Orange County. The State does not dispute the fact that Roberts was an unmarried minor when he was convicted in Polk County. Further, it is not contended that his parents were notified as required by Section 932.38, supra. Therefore, if the validity of the Polk County judgment of conviction is an essential condition to the entry of the Orange County order revoking probation, then the latter order was improperly entered.
We have held that the validity of an order revoking probation may be tested in a habeas corpus proceeding. Jackson v. Mayo (Fla.) 73 So.2d 881; Senk v. Cochran (Fla.) 116 So.2d 244.
We must now determine whether a valid conviction is a condition precedent to the *599 revocation of a probation order grounded upon a violation of so-called "Condition H", which merely requires that the accused "must live and remain at liberty without violating any law."
Under Section 948.06 a Florida probationer is entitled to a notice and hearing in any proceeding for the revocation of the probation order. This requirement was met in the instant situation. The revocation hearing, however, is not required to assume the full proportions of a criminal trial. The authorities are in accord on the proposition that the revocation hearing may be informal. A trial by jury is not required, save perhaps in the isolated situation where the probationer places in issue his identity as the perpetrator of the act allegedly violative of the probation order. Moreover, unless specifically required in the probation order, formal conviction of a crime is not essential to enable the judge to revoke the order of probation. Brill v. State, 159 Fla. 682, 32 So.2d 607; Ex parte Anderson, 191 Or. 409, 229 P.2d 633, 230 P.2d 770, 29 A.L.R.2d 1051; 15 Am.Jur., Criminal Law, Section 500, page 151.
Statutory provisions for extending probation privileges to those who have been found guilty of violations of the criminal laws are not mandatory upon the trial judges. They merely represent an enlightened approach to the solution of the problem of providing adequate punishment for criminal offenders. Probation is a matter of grace extended to the offender, usually on the basis of a pre-sentence investigation which suggests that he is not likely to repeat his criminal conduct and could, most likely, be rehabilitated while at liberty under supervision. Brill v. State, supra.
A corollary of the foregoing is that the offender is not entitled to remain at large if he persists in criminal tendencies. The trial judge who prescribes probation in lieu of immediate imprisonment is allowed a broad judicial discretion to determine whether the conditions of the probation have been violated, and, therefore, whether the revocation of probation is in order. While this discretion is not unbridled and should not be arbitrarily exercised, it is necessarily broad and extensive in order that the interests of society may be protected against a repeating offender or one who disregards the conditions stipulated for his remaining at large.
Recurring now to the condition allegedly violated in the instant case, we find no requirement that a formal conviction must precede a determination that the condition has been broken. So-called "Condition H" merely provided that the offender shall live without violating any law. On the basis of an independent investigation and hearing a trial judge who has prescribed probation can determine whether a law has been violated. On the basis of such determination he is authorized to exercise the discretion which we have mentioned in deciding whether the violation justifies a revocation of probation. Again we emphasize that in arriving at this decision the trial judge is empowered to hear the evidence pointing toward a law violation. He may reach his decision without the necessity of an intervening jury verdict. If this procedure had been followed in the instant case our conclusion would lead to a prompt discharge of the writ. In the matter now under consideration, however, the revocation order was based on the convictions and nothing more.
Referring to the order it will be recalled that the Judge of the Orange County Criminal Court concluded that Roberts had not properly conducted himself and that he had violated the conditions of his probation "by violating `Condition H' of his order of probation in being convicted * * *." In other words, the order of revocation was grounded entirely upon the convictions in Polk County. The record here does not suggest that the trial judge conducted any hearing to determine whether in his own mind a law had been violated. *600 Actually, this was all that he was required to do. Instead he based his revocation order on the prior convictions in Polk County. It therefore follows that it would simply be necessary that the Polk County convictions be valid in order to support the particular order of revocation entered by the Judge in Orange County. The petition and return having established the fact that the Polk County convictions were obtained without notice to the parents of the unmarried minor, those convictions standing alone necessarily lose validity as a reliable support for the Orange County revocation order. Giles v. Cochran, supra. We must, therefore, find that the Orange County order based solely on the alleged convictions constitutes no valid basis for the continued imprisonment of Roberts. However, this does not mean that the prisoner is entitled to immediate release. He is properly in custody under the warrant charging a violation of probation. He may be legally held in custody pursuant to that warrant pending a further hearing by the Judge of the Criminal Court of Orange County to determine whether there was actually a violation of law which resulted in the Polk County judgments. We do not overlook the fact that this warrant charges a violation of "Condition H" as a result of the Polk County proceedings. However, in any subsequent hearing before him the trial judge in Orange County has full power to disregard the judgment of conviction as such and make an independent determination as to whether the law was violated in order to lead to a revocation of probation.
Charles R. Roberts must therefore be released from imprisonment under the present sentences entered pursuant to the above described order of revocation. However, he is remanded to the custody of the respondent to await further disposition of the warrant charging violation of probation in due course and in accord with the requirements of this opinion.
It is so ordered.
ROBERTS, C.J., and TERRELL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.