154 So.2d 695 (1963)
Charles R. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 3280, 3281.
District Court of Appeal of Florida. Second District.
May 17, 1963.
Rehearing Denied July 5, 1963.
Sam E. Murrell of Sam E. Murrell & Sons, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, CULVER, Assocate Judge.
Appellant, the Defendant below, here appeals two orders which revoked his probation and ordered concurrent six to eighteen month sentences. Each order was the subject of a separate appeal, but the appeals have been consolidated in this Court.
In the Fall of 1957, the Appellant was arraigned on two informations, each charging *696 breaking and entering with intent to commit a misdemeanor. These informations were filed by the Honorable Richard H. Cooper, then County Solicitor of Orange County. The Appellant plead guilty to both informations, was adjudged guilty, and was placed on probation for a period of four years.
In September of 1960 and in February of 1961, the Appellant plead guilty to liquor law violations in Polk County, for which he was convicted and sentenced, by the Judge of the Criminal Court of Record of that County. In March of 1961, pursuant to a warrant charging violation of probation, the Honorable Richard H. Cooper, now Judge of the Criminal Court of Record of Orange County, revoked Appellant's probation, the basis being the convictions in Polk County. Thereafter, Appellant instituted habeas corpus proceedings in the Supreme Court of Florida, which held the Polk County convictions void, and an improper basis for revocation of probation. (State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597). Appellant was returned to the Criminal Court of Record of Orange County, where inquiry was made into the charge of probation violation. Appellant was found guilty of this charge and sentenced to a term of six to eighteen months on each violation of probation, the sentences to run concurrently.
Appellant suggests three points for reversal, the first being that the revocation of probation and sentences based thereon are void for the reason that the Judge taking such action was disqualified. Appellant bases this contention on the fact that the trial Judge was the same person who acted as prosecutor and filed the informations in Orange County, to which Appellant plead guilty, and for which he was placed on probation. In our opinion, Appellant cannot prevail on this point. He has not stated to us the assignment of error upon which this point is based. We have searched the Appellant's assignments of error, or "Grounds for Appeal" as he has termed them, and fail to find any mention of the claimed disqualification of the trial Judge. His Motion for New Trial does not raise this point, and a complete study of the transcript of testimony reveals no mention, even by the remotest inference, of any contention that the trial Judge might be disqualified. The first intimation that this might be a point in controversy is when Appellant so states in his brief, as his first point for reversal.
It has been a well settled and long standing principle in this State that ordinarily an alleged error, which is not set out in Appellant's assignments of error cannot be urged on appeal. 2 Fla.Jur., Appeals, Sec. 130; Padgett v. State, Fla. 1955, 82 So.2d 372; Jalbert v. State, Fla. 1957, 95 So.2d 589; Tracey v. State, Fla. 1961, 130 So.2d 605. Under the circumstances of this case, and the authorities cited, Appellant's first point cannot be considered.
Appellant next contends that the evidence in these cases was not sufficient upon which to predicate a revocation of probation. The original order of revocation, entered without a hearing, was based solely upon a conviction of Appellant in Polk County. Upon habeas corpus proceedings the Florida Supreme Court held that this conviction was invalid, and therefore, afforded no basis upon which probation could be revoked. This decision was founded on the premise that Appellant was a minor at the time of the Polk County conviction and that his parents were not notified, as required by Section 932.38, Florida Statutes, F.S.A. The Supreme Court further stated, in its opinion, that in any subsequent hearing, the trial Judge had full power to disregard the conviction as such and to make an independent determination as to whether the law had been violated. State ex rel. Roberts v. Cochran, supra. We now quote from the opinion in that case:
"Statutory provisions for extending probation privileges to those who have been found guilty of violations of the *697 criminal laws are not mandatory upon the trial judges. They merely represent an enlightened approach to the solution of the problem of providing adequate punishment for criminal offenders. Probation is a matter of grace extended to the offender, usually on the basis of a pre-sentence investigation which suggests that he is not likely to repeat his criminal conduct and could, most likely, be rehabilitated while at liberty under supervision. Brill v. State, supra [159 Fla. 682, 32 So.2d 607].
"A corollary of the foregoing is that the offender is not entitled to remain at large if he persists in criminal tendencies. The trial judge who prescribes probation in lieu of immediate imprisonment is allowed a broad judicial discretion to determine whether the conditions of the probation have been violated, and, therefore, whether the revocation of probation is in order. While this discretion is not unbridled and should not be arbitrarily exercised, it is necessarily broad and extensive in order that the interests of society may be protected against a repeating offender or one who disregards the conditions stipulated for his remaining at large.
"Recurring now to the condition allegedly violated in the instant case, we find no requirement that a formal conviction must precede a determination that the condition has been broken. So-called `Condition H' merely provided that the offender shall live without violating any law. On the basis of an independent investigation and hearing a trial judge who has prescribed probation can determine whether a law has been violated. On the basis of such determination he is authorized to exercise the discretion which we have mentioned in deciding whether the violation justifies a revocation of probation. Again we emphasize that in arriving at this decision the trial judge is empowered to hear the evidence pointing toward a law violation. He may reach his decision without the necessity of an intervening jury verdict. If this procedure had been followed in the instant case our conclusion would lead to a prompt discharge of the writ. In the matter now under consideration, however, the revocation order was based on the convictions and nothing more."
The Judge of the Criminal Court of Record, of Orange County, after the rendition of the decision just quoted, conducted the independent investigation suggested. No purpose would be served by here setting forth the evidence presented. We have studied it, and find that it was sufficient to justify the revocation of Appellant's probation.
Finally, Appellant takes the position that the sentence passed upon him, upon revocation of probation, is illegal by reason of the fact that his original conviction was on charges of petty larceny, under Section 811.021(3), Florida Statutes, F.S.A., limiting his sentence to six months. This adjudication of guilt was made on November 27, 1957. As has already been set forth in this opinion, upon the revocation of Appellant's probation, he was, on May 2, 1962, sentenced to imprisonment for a period of 6 months to 18 months.
The crimes for which Appellant was originally convicted were committed in July of 1957. Chap. 57-366, Laws of Florida, F.S.A. § 921.17 et seq. providing for indeterminate sentences, took effect October 1, 1957. Therefore, such a sentence is improper here. Sing v. State, Fla.App. 1959, 115 So.2d 773. We, therefore, follow the procedure outlined in that case. The lower Court is affirmed, except as to the sentence imposed, and the cause is remanded, with directions that the Appellant be sentenced according to law.
SHANNON, C.J., and ALLEN, J., concur.