PIERCE, Judge.
Appellant Alphonso Bowen appeals to this Court from an order of the Pinellas County Circuit Court revoking his previous probation which sentenced him to a term of imprisonment in the custody of the Director of the Division of Corrections.
On July 26, 1968, Bowen was informed against in said Circuit Court for unlawfully withholding means of support from his two minor children, a five year old daughter, Anita Ann, and two year old son, Clarence Leevinsky. On his plea of guilty to said charge the Court placed him on probation for a period of three years. The conditions of probation were inter alia that he “support [his] dependents” and that he “truthfully answer all inquiries directed by * * the Probation Supervisor * * * and carry out all instructions he gives”.
On January 24, 1969, barely three months later, the Parole Supervisor, one Charles D. Lyon, filed in Court a sworn affidavit that Bowen had “violated the conditions of his probation in a material respect” by failing to support his dependents; that Bowen had been “instructed by [the supervisor] to provide payment of $20.00 per week for family support, as evidenced by correspondence under dates of November 14, 1968, and December 13, 1968, in addition to personal counseling” and had “failed to comply or make attempt to comply with said special Condition”.
On February 19, 1969 an “arraignment-type procedure” was held. The hearing was continued and on February 21, 1969, after Bowen’s attorney announced that “that concludes all that we have to say on this”, the Court revoked probation and sentenced Bowen to a term of imprisonment of from six months to two years. From this order of revocation Bowen ap *273 peals to this Court and argues several points pertaining to the revocation hearing, all of which are procedural. We have examined the record and briefs of the parties and conclude that, while there may have been some minor irregularities in the hearing, they were not so fundamental as to render the revocation order void. We therefore affirm.
Bowen argues that the evidence at the hearing did not establish (1) the extent of his arrearages, (2) that he was continually and gainfully employed during the period of violation, or (3) his “actual” willful ability to support the dependents, (4) that the Probation Supervisor never had any “personal contact” with him after he was originally placed on probation, and (5) that he was “compelled in a criminal case to be a witness against himself” contrary to Section 12 of the Florida Declaration of Rights, by being required to testify as to what he had actually paid to his wife during the period of probation. None of these contentions are tenable.
The primary purpose of being placed on probation in the beginning was to enable Bowen, if he wanted to, to be gainfully employed rather than languish in prison, so that he would be able to support his wife and two small children to prevent them from becoming a charge on the state and county.
The guidelines governing procedure at revocation hearings were laid down by Justice Glenn Terrell in the pilot case of Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607, which was an appeal from an order revoking a previously-suspended sentence. Reviewing the somewhat informal procedure of the lower Court in the revocation hearing, Justice Terrell, speaking for the Supreme Court, said:
“The major concern of the [lower] court at the hearing was whether or not appellant had been on good behavior during his suspended sentence. The liberty he was enjoying was by judicial grace, he had already plead guilty to the offense of selling moonshine liquor. The hearing is in no sense a retrial of the main offense. Having plead guilty to that, he is now subject to be sentenced as he might have been at the time the suspended sentence was promulgated if he has not observed its conditions. The hearing was to determine this and no more.
Such hearings are informal and do not take the course of a regular trial, neither does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated. A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but even this does not contemplate a strict or formal trial. (Cases cited)”.
This was followed by the 1st District Court case of State ex rel. Ard v. Shelby, as Sheriff, Fla.App.1957, 97 So.2d 631, in which case the holding in Brill was reviewed, after which the 1st District Court stated the following:
“The latitude of inquiry is such that even though evidence upon which the revocation is based would be inadmissible upon trial of the accused for a crime, it is competent for the trial court to consider it on the issue of compliance with the conditions under which suspension of sentence was granted. Section 948.06(1) simply provides for an informal hearing whereby the trial court may determine whether the conditions of the probation order have been violated. Caston v. State, Fla., 58 So.2d 694.
* * * * * *
It would require a clear showing of flagrant abuse of the discretion vested in the judges of trial courts upon such matters to entitle (sic) this court’s interference.”
This 2nd District Court also had occasion in McNeely v. State, Fla.App.1966, 186 So. *274 2d 520, to discuss this question as to the scope of the revocation hearing. In McNeely this Court, speaking through then Chief Judge Allen, said inter alia:
“The idea of probation was summarized very ably by the trial judge before sentencing the appellant on April 15, 1965. He stated, inter alia, ‘This young man was given something not many people have in life, and that is a second chance. Probation is a revolutionary concept in the law. * * * it is only going to work so long as those who are granted probation live up to it. Every-time a probationer violates a probation, it weakens the system. * * * Probation isn’t a right, it’s a rare privilege * * * he [appellant] has demonstrated, and that’s all we can go on, that he cannot and will not abide by the rules of society and the rules of this court.’ (Emphasis supplied).
Due process necessitates according the probationer a hearing when a revocation of that privilege is in issue, but this requirement is met when the probationer is brought before the court for examination. Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607.
* * * * *
The potential danger in approving an informal-summary type hearing is great. However, the entire probation process is a privilege and those to whom the arms of mercy have been extended should indeed conduct themselves accordingly. As stated, the purpose is to determine if good behavior has been tainted by bad conduct. It is true that the probation conditions are often broad and can easily be broken but it is only by grace that freedom is enjoyed in the first place.”
Measured by the precepts laid down in the foregoing cases, appellant Bowen has no just cause to complain here of the procedure at the revocation hearing in the lower Court. The sole issue there was very simple, namely, whether Bowen had in good faith substantially complied with the conditions of his previous probation in the matter of supporting his dependents. The trial Judge held that, from the evidence adduced before him, Bowen was in violation of the probation order in that, specifically, he had failed to pay to his wife the sum of $20.00 per week for the support of his minor children, which was the special condition of his probation order. We have reviewed the evidence at the hearing, as disclosed by the record lodged here, and find the revocation order to be amply supported by the facts before the Court.
The order appealed is accordingly—
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.