244 So.2d 142 (1971)
Thomas Frances CROSSIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 70-488.
District Court of Appeal of Florida, Fourth District.
February 17, 1971.
George A. Shahood and A.J. Ryan, Jr., Dania, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles W. Musgrove and Rodney Durrance, Jr., Asst. Attys. Gen., West Palm Beach, for appellee.
MAGER, Judge.
This is an appeal from an order revoking probation and imposing sentence.
*143 On April 10, 1962 appellant plead guilty to the offense of unlawful possession of narcotics. On May 25, 1962, the trial court adjudged the appellant to be guilty and suspended the imposition of sentence, placing appellant on probation for a period of three years. On June 19, 1963, the trial court entered an order of revocation of probation of appellant for violating a condition of his probation, to-wit, changing his residence without first procuring the consent of his probation supervisor. On June 21, 1963, the trial court sentenced the appellant to imprisonment in the state prison for a term of five years based upon the original conviction of the crime of unlawful possession of narcotics.[1] Pursuant to appellant's timely motion for mitigation of sentence the trial court on August 16, 1963 vacated and set aside the prior adjudication of guilt imposed on April 10, 1962; vacated and set aside the order of revocation of probation entered on June 21, 1963; vacated and set aside the sentence of five years imposed on June 21, 1963, withheld adjudication and entered a modifying order placing appellant on probation until August 16, 1967.
On February 9, 1966, pursuant to an affidavit filed by the Probation and Parole Commission, setting forth violations by appellant of the conditions of probation, a warrant was issued for the arrest of appellant. The alleged violations consisted substantially of failing to report to his probation supervisor in New Jersey since December 7, 1965; terminating employment without the consent of his probation supervisor; changing his residence without obtaining the consent of the probation supervisor; and not being truthful to his probation supervisor in giving his residence address.[2] On April 20, 1970, appellant was arrested in Broward County pursuant to the warrant and a hearing was held before the trial court on May 8, 1970. On May 8 orders were entered by the trial court adjudging that appellant was guilty of the violations of the terms of his probation as charged and revoking appellant's probation; adjudging the appellant guilty of the original offense and sentencing him to a five year term at the State Prison, Raiford, Florida. Following the court's denial of appellant's motion to mitigate the instant appeal was taken.
Appellant urges reversal of the decision of the trial court on the grounds that (1) the order of revocation was based only upon hearsay evidence in the form of written correspondence, and (2) the order revoking probation and sentencing appellant to five years at hard labor constituted cruel and unusual punishment.
From an examination of the record below and the briefs we are of the opinion that appellant's contentions are unsupported in law and fact. At the May 8 revocation hearing letters alleged to have been written by appellant's probation supervisor in New Jersey to probation authorities in Florida were introduced over appellant's objection. The letters indicated violation of the terms and conditions of probation as previously charged. Testimony was received from Frank J. Velie, Jr. employed by the Florida Probation and Parole Commission, who had been assigned to appellant's case. Velie testified that he had discussed these violations with appellant, who apparently admitted them but offered explanations substantially to the effect that he had a personal understanding with the parole supervisor in New Jersey concerning the terms of his probation and that such terms and conditions were between him and the parole supervisor although *144 not according to the written terms and conditions of the probation. Testimony by the appellant at the hearing substantiated Velie's testimony in greater detail and contradicted the letters previously admitted into evidence.
In Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607, the Supreme Court of Florida commented on the nature of probation revocation hearings as follows:
"The major concern of the court at the hearing was whether or not appellant had been on good behavior during his suspended sentence. The liberty he was enjoying was by judicial grace, he had already plead guilty to the offense of selling moonshine liquor. The hearing is in no sense a retrial of the main offense. Having plead guilty to that, he is now subject to be sentenced as he might have been at the time the suspended sentence was promulgated if he has not observed its conditions. The hearing was to determine this and no more.
"Such hearings are informal and do not take the course of a regular trial, neither does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated. A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but even this does not contemplate a strict or formal trial. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Fleenor v. Hammond et al., 6 Cir., 116 F.2d 982, 132 A.L.R. 1241."
In State v. Shelby, Fla.App. 1957, 97 So.2d 631, the First District Court of Appeal, citing Brill, also observed:
"The latitude of inquiry is such that even though evidence upon which the revocation is based would be inadmissible upon trial of the accused for a crime, it is competent for the trial court to consider it on the issue of compliance with the conditions under which suspension of sentence was granted. Section 948.06(1) simply provides for an informal hearing whereby the trial court may determine whether the conditions of the probation order have been violated. Caston v. State, Fla., 58 So.2d 694."
In McNeely v. State, Fla.App. 1966, 186 So.2d 520, the Second District Court of Appeal, reaffirming the rationale in Brill and Shelby, concluded:
"[A] probation revocation hearing is not required to meet the standards of a full scale criminal trial by having a separate hearing for an arraignment; the inquiry may be on an informal basis; the trial judge has broad judicial discretion to determine whether conditions of probation have been violated; and the trial court does not have to observe the strict rules of evidence."
Appellant relies upon dicta in McNeely suggesting that the "revocation will stand even though hearsay has been introduced provided there is other evidence on which the trial judge can base his decision." (Emphasis added.) See also Franklin v. State, Fla.App. 1969, 226 So.2d 461.
Although the decision in Brill does not require that an order of revocation of probation be predicated upon "other evidence" in addition to hearsay we are of the opinion that the decision of the trial court in the case sub judice is consistent with the McNeely doctrine. The record below contains "other evidence" on which the trial judge based his decision, as reflected by the testimony of Velie and the appellant himself wherein the violations are admitted but efforts are made to explain them away. As stated in McNeely the trial judge has broad judicial discretion to determine whether the conditions of probation have been violated and "it would require a clear showing of flagrant abuse of the discretion vested in the *145 judges of trial courts upon such matters to entitle this court's interference." See State v. Shelby, supra. We are unable to find such flagrant abuse in the proceeding below.
With regard to appellant's contention that the order of revocation and the imposition of a five year sentence constitute cruel and unusual punishment, we are of the opinion that this contention is without merit. See Brown v. State, 1943, 152 Fla. 853, 13 So.2d 458, and the cases hereinabove cited. (See also Chavigny v. State, Fla.App. 1959, 112 So.2d 910.) In the Brown case a similar contention was rejected and the Supreme Court observed in part "A sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the jury or court within the limits fixed by statute * *". In the instant appeal appellant challenges the punishment rather than the statute.[3] The sentence imposed by the trial court was within the limits of the offense for which appellant was originally convicted. Moreover, under the terms and provisions of Section 948.06(1), Florida Statutes, F.S.A., the court is granted specific authority after adjudicating the probationer guilty of the offense charged to "impose any sentence which it might have originally imposed before placing the probationer on probation."[4] Accordingly the trial court's imposition of a five year sentence was consistent with the statute and applicable judicial decisions.[5]
The underlying purpose of probation is to give the individual a second chance to live within the rules of society and the law of the land during which time he can prove that he will thereafter do so and become a useful member of society. A grant of probation is a matter of grace and not of right, such grant being subject to revocation at any time the court determines that the probationer has violated the terms and conditions thereof. The trial court determined that appellant violated the conditions of probation and the evidence and the record support such finding.
Affirmed.
CROSS, C.J., and WALDEN, J., concur.
NOTES
[1] Section 398.22(2) (a) provides a maximum term of five years imprisonment in the state prison for conviction of first offenses other than the sale of a narcotic drug.
[2] Apparently, subsequent to the entry of the modified order of probation in August 1963 the appellant moved to the State of New Jersey, with the approval of the Florida Parole and Probation Commission, and was placed under the supervision of the New Jersey parole and probation authorities.
[3] Appellant is not precluded from seeking relief from the State Board of Pardons in accordance with the rules and regulations of the board.
[4] In asserting that eight years has elapsed from the original conviction and the date of the order appealed, portions of which time appellant was on probation, defendant seems to be suggesting that some recognition or credit be given for this eight year period. Section 948.06(2) states: "No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve."
[5] We parenthetically note that although had this court been sitting as the trial court it might have imposed a lesser punishment, we are unable to conclude that the trial court was without authority to either impose the five-year sentence or that such imposition constitutes cruel and unusual punishment.