249 So.2d 513 (1971)
Roy Anthony BORGES, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-136.
District Court of Appeal of Florida, Third District.
June 22, 1971.
Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant was originally charged with buying, receiving and concealing stolen property. He pleaded guilty and was placed on probation. The order of probation, among other things, contained the following provisions: "Avoid injurious or vicious habits; avoid association with persons of harmful character or bad reputation." "Live and remain at liberty without violating any law." Subsequent thereto, his probation officer filed appropriate notice of revocation of probation, alleging:
* * * * * *
"He has been associating with one Howard Lester Johnson, a person known to *514 police authorities to be a person of harmful character and bad reputation.
* * * * * *
"On May 13, 1970, Aforesaid failed to follow the instructions of his probation supervisor while being booked for violation of probation, and did, in fact, escape from custody."
* * * * * *
The revocation proceeding was scheduled for hearing and, prior thereto, the State had filed a new information against the appellant and Howard Lester Johnson, charging them with the commission of a felony [exact charge not reflected in the record]. At the time of the revocation proceedings, the trial had not been had on this information. Counsel for the appellant attempted to secure an order from the trial court continuing the revocation proceedings until the trial on the second information could be had, contending it would violate the appellant's due process to require him to proceed with the revocation proceedings when he might possibly subject himself to a violation of the privilege against self-incrimination if he took the stand in the revocation proceedings. The trial judge denied this request, and proceeded with the matter; heard evidence which clearly indicated that the appellant had violated the terms of his probation in several instances, revoked same, and duly sentenced him. This appeal ensued. The only point preserved for review was the failure of the trial judge to postpone the revocation proceedings until a time subsequent to the trial on the pending information.
We find no merit in this point. Probation is a privilege accorded certain defendants in criminal proceedings. State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597; Pickman v. State, Fla.App. 1963, 155 So.2d 646; Martin v. State, Fla. App. 1971, 243 So.2d 189. All procedural due process was accorded the defendant in the instant case [Brill v. State, 159 Fla. 682, 32 So.2d 607; State v. Cochran, supra; Phillips v. State, Fla.App. 1964, 165 So.2d 246; § 948.06, Fla. Stat., F.S.A.], and the mere fact that subsequent criminal proceedings may have been pending against the probationer would not in and of itself be grounds to continue the revocation hearing. The probationer could have lost his right to probation, notwithstanding the fact he may have been acquitted of the subsequent criminal charge. State ex rel. Roberts v. Cochran, supra; Roberts v. State, Fla.App. 1963, 154 So.2d 695.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.