WALDEN, Justice.
Petitioner’s probation was revoked. It is our opinion that the trial court departed from the essential requirements of law in so adjudicating in light of the failure of proofs evident in this cause.
The dispositive findings were that he was outside Orange County and not in his *539 house by 11:00 p. m. during the course of a certain weekend, contrary to probation restrictions.
Petitioner freely admitted the two infractions, but testified unequivocally that his'probation supervisor had lifted the restrictions for the weekends. This testimony was never contradicted by the supervisor. The supervisor admitted that petitioner had called him about lifting the restrictions “ * * * and probably, as he had done more than once, asking when it was going to be terminated.”
The following are additional representative excerpts from the supervisor’s testimony: |
"Q Do you have any specific recollection, Mr. Limpus, of ever telling John Preston Larocco that he could only adhere to his probation conditions during the week, that he would not adhere to them on the weekends, that he could leave the county, that he could stay out past eleven p. m. ?
“A No, sir, I don’t. There were cases when John called me about staying out past his curfew for, on a specific night, and we settled on a specific time, and when that occurred, I allowed it; but that was in the case where he had to call me in advance —it was for a certain night and up to a certain hour — because this was later on in the probation where he showed that he was going to behave himself.
I did not give him blanket authority to violate his curfew or stay out past his curfew and I certainly didn’t give him blanket authority to leave the geographical limits of Orange County. I never recall his asking me to leave for any specific purpose, but, of course, on occasion we would do this. I don’t recall specifically with John.
5k ‡ ‡ ‡ ‡
“Q Yes. In other words, you don’t recall the conversation either the last week of December or the first week of January that you had with John?
“A I remember talking to John, because we talked quite a bit on the phone occasionally, but I, I don’t remember the gist of that particular conversation on that date, no, I don’t.
“Q. All right, sir. As I understand it, you could have had this conversation, but your recollection is you do not recall one way or the other?
“A About Sides’ probation being did you say lifted or—
“Q No; restrictions being lifted.
“A Which restrictions?
“Q On weekends, the curfew.

“A That could have occurred, yes, that could have occurred; hut I just simply can’t recall that specific conversation.

“Q And you don’t recall whether or not John asked you if his could be lifted also?
“A I would say it would probably follow. That would be a question that would certainly follow; but again, as I say, I do recall some conversation with John about when was his probation going to be terminated.
“Q This conversation you do not recall, as I understand it?

“A No, I can’t clearly recall it.

“Q One way or the other?
“A One way or the other.” (Emphasis supplied.)
We are mindful of the standards that govern probation revocation proceedings. See Crossin v. State, Fla.App.1971, 244 So.2d 142; McNeely v. State, Fla.App.1966, 186 So.2d 520; Brill v. State, Fla.1947, 159 Fla. 682, 32 So.2d 607. Here, *540 though, it is our considered opinion that the proofs are insufficient as a matter of law inasmuch as the state was unable to flatly contradict the petitioner’s testimony which testimony, if true, would explain and justify his conduct and leave him blameless of violation.
Certiorari is granted and the order revoking petitioner’s probation is quashed.
Granted, with directions.
REED, C. J., concurs.
MAGER, J., dissents, with opinion.