WALDEN, Judge
(dissenting) :
Appellant’s probation was revoked. I would reverse as I feel the proofs here were insufficient as a matter of law to satisfy the conscience of the court that the restrictions were violated. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947).
The violation charged against appellant was:
'T. Violation of Condition (h) Order of Probation by failing to live and remain at liberty without violating any law in that in Broward County, Florida on the 20th day of June 1972 he did unlawfully, and feloniously utter and publish as true to Winn-Dixie Stores, Inc., a certain false, forged or counterfeit written and printed order for the payment of money, commonly known as a bank check, purported to be signed by Jermoe L. Rosen whose signature was forged by the defendant or by a person whose name is to the State Attorney unknown with intent then and there to defraud or injure the said Winn-Dixie Stores, he, the defendant, at the time he so uttered and published said order for payment of money as aforesaid, then and there well knowing the same to be false, forged or counterfeit as aforesaid, contrary to F.S. 831.02. [F.S.A.].”
Appellant admitted attempting to cash the already written $75.00 check and explained that it had been given to him by Jerome Rosen in payment for his employment as a handy man. He denied knowledge that it was a bad or forged check and said that he attempted to cash it at a Kwik-Chek, using the identification of his draft card and Kwik-Chek card.
The Probation Officer testified next. He repeated the appellant’s inculpatory statements made to him after arrest.
Next, and finally, a police officer testified as to what Mr. Watkins, a Winn-Dix-ie Assistant Manager, had told him concerning appellant’s conduct. This was, of course, hearsay as was recognized at the *644 time by Court and counsel. He further repeated conversations of appellant.
Mr. Watkins, of Winn-Dixie, did not testify. Neither did Mr. Rosen testify, who was a known C.P.A. in the area and whose check it was.
There are two aspects of this situation which together, in my judgment, lead to the conclusion that the appellant has been inappropriately treated and suffered the revocation of his probation almost whimsically.
First, the state chose to frame the charge and attention is directed to it. It said that he did unlawfully and feloniously utter and publish as true a certain forged bank check, etc., contrary to F.S. § 831.02, F.S.A., whose terms provide:
“831.02 Uttering forged instruments.— Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in § 831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in § 775.-082, § 775.083, or § 775.084.”
Having chosen to specify as they did, I feel the state is bound to prove it and it is utterly manifest from the record that the state failed to prove the specifics of the charge. Further, appellant was charged with the forgery in a separate criminal action to be tried later. It will be indeed an anomaly if he is exonerated of guilt there. It, though, is recognized that such sequence does not necessarily invalidate an earlier revocation. State v. Cochran, 140 So.2d 597 (Fla.1962).
Second, it is generally thought and understood that there must be evidence of the violation in addition to hearsay and the appellant’s admissions. See Crossin v. State, 244 So.2d 142 (Fla.App.1971); McNeely v. State, 186 So.2d 520 (Fla.App.1966). Here, if we exclude hearsay and defendant’s admissions, we are left without a single jit or jot of incriminating testimony or inference. We are left only with appellant’s uncontradicted explanation.
Further, even using all of the testimony for whatever it may be worth, the charge was simply not proven. If appellant was guilty, how simple it would have been to have called the store manager or Mr. Ro-sen to the stand. As matters stand, we do not know if the check was forged.
I would reverse and remand upon authority of State v. Cochran, 140 So.2d 597 (Fla.1962), with instructions to grant the appellant a new hearing upon the charge that he violated his probation.