285 So.2d 57 (1973)
Max M. HAIFLICH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 72-1010.
District Court of Appeal of Florida, Second District.
October 31, 1973.
Rehearing Denied December 4, 1973.
James A. Gardner, Public Defender, Bradenton, and Charles H. Livingston, Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Max M. Haiflich, Jr., was initially charged in three informations filed in the Criminal Court of Record for Polk County with breaking and entering, petit larceny, and destruction of property. At the arraignment hearing, with advice of court-appointed attorney, he pled guilty to each offense and was placed on probation for concurrent terms of five years on each information. The order granting probation, among other matters, contained the following conditions:
(a) Not change the defendant's residence or employment ... without first procuring the consent of the Court, which consent shall be obtained through the defendant's Probation Supervisor.
* * * * * *
(h) Live and remain at liberty without violating any law.
Thereafter, appellant's probation supervisory officer filed an affidavit styled "VIOLATION OF PROBATION" alleging therein:
... has violated the conditions of his probation in a material respect by Violating Condition "a" that on March 15, 1972 he quit his approved employment ... after being approached over the length of his hair and was requested by his employer that he either cut it or wear a net. Subject refused to do either... .
Appellant was later apprehended by the law enforcement authorities and, after proper hearing, the trial judge terminated his probation, found him guilty as charged *58 in all three of the informations, and sentenced him to serve three years in the state penitentiary.
The precise point for our determination is whether appellant acted in violation of one or more conditions of his probation. The appellant raises four points upon which he relies for reversal of the trial court's decision. In Point II he asserts that the revocation of probation by the trial judge is invalid because he was tried for violating condition (h) of the probation order without proper notice. We believe this point to be worthy of discourse.
At the outset of the revocation hearing, the trial court advised the parties:
... And further in addition to the matters set forth in the affidavit for violation of probation there are to consider the matters that have given rise to two breaking and enterings which arose during the period of the probation.
The trial court, over objection of appellant's counsel, heard testimony concerning the two offenses that occurred during the period of appellant's probation. The record discloses that the appellant was acquitted after trial by jury of one of the offenses and that the second offense was dismissed by the court for failure of the state to comply with the Speedy Trial Rule.
The trial court heard the testimony of the witnesses pertaining to the violation of condition (a), which was set out in the affidavit aforesaid and, as stated above, also heard testimony on condition (h). At the conclusion of the hearing, the trial court decided that appellant had violated the conditions of the order of probation. Before the trial court entered its order of revocation of probation, adjudicated appellant guilty and pronounced sentence, the trial court stated:
The Court would state to you, Mr. Horton, that if you are surprised in any way by this proceeding not having notice that we would go into these matters, then the Court will continue this for the purpose of allowing you to put on any additional testimony.
To which Mr. Horton responded:
... No, sir, I have no additional testimony.
Mr. Horton was the assistant public defender who represented the appellant at the revocation hearing.
We believe that the due process requirements incident at final revocation hearings prescribed in Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, have been fully met. We hold that this point is without merit.
There is abundant decisional authority to the effect that probation is a privilege and not a right.
In this case the trial judge in the exercise of his sound judicial discretion granted probation to the appellant. In effect the appellant held the key to his freedom. From the record, by his own actions, the trial judge believed he lost that key and his freedom. We agree. The decision of the trial court is clearly substantiated by the evidence and is proper and correct.
We have carefully reviewed the other points raised by appellant and conclude that they are without merit.
On authority of the law pronounced by our supreme court in the case of Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607, and Borges v. State, Fla.App. 1971, 249 So.2d 513, and the cases cited therein, the finding of the trial court that appellant violated the conditions of probation and the judgment and sentence appealed from should be and they are hereby
Affirmed.
HOBSON, Acting C.J., and McNULTY and BOARDMAN, JJ., concur.