BARKDULL, Chief Judge.
After the appellant had pleaded guilty to a charge of forgery, he was placed on five years’ probation. He was then served with an affidavit, alleging two violations of probation which were, in words and figures, as follows:
* % * * * #
“(1) Order of probation, by failing to truthfully answer all inquiries directed by his probation supervisor, David Todd, in that on October 20, 1975, the aforesaid advised his probation supervisor that he was residing at 205 W. 65 Street, Apartment 316, Hialeah, Dade County, Florida, whereupon it was determined by said probation officer that aforesaid does not reside at said address.
“(2) By failing to make restitution of $340.00 at the rate of $50.00 per month to M & M Liquor Package Store, 794 S.E. 8 Street, Hialeah, Dade County, Florida.”
$ s{: ‡ >}c Ht
At the conclusion of the evidence as to these two charges, the court found that the probationer had not wilfully violated the terms and conditions of his probation. Thereafter, the court commenced to question the probationer and, after several questions and answers, the following occurred:
‡ ifc s(c s}: sfc sfc
“THE COURT: Yes, he is completely uncooperative. I am going to revoke his probation right now, for failing to answer questions directly and truthfully to the court.
“DEFENDANT PITCHFORD: That is the right address, you know, and I have been under pressure.
“THE COURT: Enter an adjudication. Defendant is sentenced to two years in the State Department of Corrections.
“MR. MACK: Note our objection to the Court’s ^reversing of its ruling, and we ask for a transcript of the hearing, and also appointment for appeal.
“THE COURT: The Public Defender is appointed for the appeal. The Court did not reverse its ruling. The Court based its ruling on a new violation by the defendant right before the Court.
“DEFENDANT PITCHFORD: Your Honor, may I say something?
“THE COURT: No, the Court has ruled. Your attorney is going to file an appeal.”
* * * * * *
This appeal ensued, the appellant contending that the trial court denied him minimal due process when it revoked his probation, as indicated above, without any notice to the probationer or opportunity to address the court. We concur with the appellant, and reverse the order of revocation here under review.
§ 948.06, Fla.Stat., provides the procedure to be afforded in a revocation proceeding. Said statute reads, in part, as follows:
* * Sjt Sic * *
“Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation * * *. The court, upon the probationer being brought before it, shall advise him of such charge of violation and * * * if such charge is not at said time admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation.”
This statute has been construed to require notice of the alleged violations and an opportunity to refute the charges. Hooks v. State, 207 So.2d 459 (Fla. 2d DCA 1968); Mato v. State, 278 So.2d 672 (Fla. 3rd DCA 1973); compare Haiflich v. State, 285 So.2d 57 (Fla. 3rd DCA 1973). This obviously was not done in the instant case.
*1145 Therefore, the order of revocation be and the same is hereby reversed, and the matter is returned to the trial court for further proceedings. This opinion and decision is not to be construed as barring the trial court from considering any subsequent affidavit of violation of probation which may relate to the proceedings quoted above.
Reversed and remanded, with directions.