HAVERFIELD, Judge
(concurring specially).
I concur with the majority opinion. Nevertheless, I believe there is an additional reason for affirming the revocation of probation order. The record reflects that there was evidence presented to the effect that the probationer failed to submit reports and present himself at the office of his probation supervisor after being so ordered by the court. Since probation is a rare privilege and a matter of judicial grace,[1] it follows as a matter of reason that an inherent condition of probation is to obey any and all orders of the court. Defendant’s conduct in ignoring the court’s order to present himself at his probation supervisor’s office and file the delinquent reports can only be characterized as defiant and in open violation of his probation. Such defiance is also a sufficient ground to support the determination that defendant violated his probation.

. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); McNeely v. State, 186 So.2d 520 (Fla.2d DCA 1966).