599 So.2d 1385 (1992)
Julio PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1309.
District Court of Appeal of Florida, Third District.
June 9, 1992.
*1386 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel and Angelica Zayas, Asst. Attys. Gen., for appellee.
Before BARKDULL, FERGUSON and GERSTEN, JJ.
PER CURIAM.
By this appeal the appellant seeks review of an order of the trial court revoking his probation. The appellant pleaded guilty to the charges of attempted sexual battery, as reduced, and a lewd assault. Adjudication was withheld. The appellant was sentenced to 15 years probation on February 27, 1991. On March 5, 1991, an affidavit of violation of probation was filed which alleged the appellant had violated the conditions of his probation in the following particulars:
"By leaving the county of residence without the consent of his Probation Supervisor, in that, on or about March 1, 1991, the probationer did leave Dade County, Florida, and attempt to abscond from supervision by securing false I.D. and attempting to flee to Cuba as evidenced by his arrest. By failing to live and remain at liberty without violating any law, in that, on or about March 1, 1991, in Dade County, Florida, the probationer did commit the offense of Forgery By Obtaining Fraudulent Identification as alleged by his arrest. Furthermore, on or about March 1, 1991, the probationer violated his probation by Obtaining A Forge Instrument to wit: false identification as alleged by his arrest."
After hearing thereon, the trial court found as follows:
"That the appellant violated the conditions of his probation in a material respect by violation of condition(s): By leaving the county of residence without the consent of his Probation Supervisor, in that, on or about March 1, 1991, the probationer did leave Dade County, Florida, and attempt to abscond from supervision by securing false I.D. and attempting to flee to Cuba. By failing to live and remain at liberty without violating any law, in that, on or about March 1, 1991, in Dade County, Florida, the probationer did commit the offense of Forgery By Obtaining Fraudulent Identification. Furthermore, on or about March 1, 1991, the probationer violated his probation by Obtaining A Forged Instrument, to-wit: False Identification."
"IT, THEREFORE, IS ORDERED AND ADJUDGED that the probation of the aforesaid defendant ought to be revoked and it is hereby revoked in accordance with Section 948.06 Florida Statutes, and the said defendant is hereby ordered to remain in the custody of this Court for the imposition of sentence in accordance with the provisions of law."
*1387 Based thereon the trial court stated it would, over defense objection, sentence the defendant to twenty-two years in state prison.
On appeal the appellant challenges the sufficiency of the evidence, propriety of the sentence, and alleges entrapment.
As stated by Mr. Justice Thornal in State v. Cochran, 140 So.2d 597 (Fla. 1962):
* * *
"[2, 3] Statutory provisions for extending probation privileges to those who have been found guilty of violations of the criminal laws are not mandatory upon the trial judges. They merely represent an enlightened approach to the solution of the problem of providing adequate punishment for criminal offenders. Probation is a matter of grace extended to the offender, usually on the basis of a presentence investigation which suggests that he is not likely to repeat his criminal conduct and could, most likely, be rehabilitated while at liberty under supervision. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947).
[4, 5] ... The trial judge who prescribes probation in lieu of immediate imprisonment is allowed a broad judicial discretion to determine whether the conditions of the probation have been violated, and, therefore, whether the revocation of probation is in order. While this discretion is not unbridled and should not be arbitrarily exercised, it is necessarily broad and extensive in order that the interests of society may be protected against a repeating offender or one who disregards the conditions stipulated for his remaining at large. (Emphasis added.)
[6] Recurring now to the condition allegedly violated in the instant case, we find no requirement that a formal conviction must precede a determination that the condition has been broken... .
On the basis of an independent investigation and hearing a trial judge who has prescribed probation can determine whether a law has been violated. On the basis of such determination he is authorized to exercise the discretion which we have mentioned in deciding whether the violation justifies a revocation of probation. Again we emphasize that in arriving at this decision the trial judge is empowered to hear the evidence pointing toward a law violation. He may reach his decision without the necessity of an intervening jury verdict."
* * *
In Bernhardt v. State, 288 So.2d 490, 495 (Fla. 1974) Mr. Justice Roberts stated:
* * *
"[3] However, this discretionary power must be exercised in accordance with certain due process requirements. We must point out that long before the Supreme Court of the United States rendered its decisions in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), this Court recognized due process required that a hearing must be accorded to the person charged before probation could be revoked and the evidence upon which to predicate a revocation introduced at the hearing must be sufficient to satisfy the conscience of the court that a condition of probation has been violated. Brill v. State, supra; Roberts v. State, 154 So.2d 695 (Fla. 1963); Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971). (Emphasis added.)
* * *
After all is said, the sixty-four dollar question with which we are confronted is whether or not the lower court abused his discretion in supplanting the suspended sentence with one to serve six months in the county jail... ."
* * *
The appellant contends that the evidence herein was not sufficient upon which to predicate a revocation of probation. With this proposition we disagree. The evidence introduced herein shows that from the outset the appellant was disregarding the conditions of his probation. Within less than 30 days of being placed on probation, the appellant initiated steps to flee the jurisdiction *1388 of the court and to go to Cuba. To this end he obtained false identification, transportation to Cuba, and divested himself of his real and personal property located in Dade Co. The mere fact that the authorities may have stopped him short of his destination cannot alter these facts. The actions of the appellant would surely be sufficient to satisfy the conscience of the trial court that a condition of probation has been violated.
The appellant contends that the score sheet upon which his sentence was determined was incorrect in that he was assessed 327 points for a life felony when attempted capital sexual battery is a first degree felony, and that the sentence should be in a range from 9-12 years. The state confesses error as to this point and recommends the sentence be vacated and this matter be remanded for resentencing. We agree. We find any remaining points to be without merit. Therefore, we find the evidence was sufficient to justify the revocation and that the trial court did not abuse his discretion in revoking probation. The sentence is hereby vacated and the cause is remanded to the trial court for resentencing.
Affirmed in part and remanded.