PER CURIAM.
We reverse the order of the trial court finding that appellant willfully and substantially violated the terms of his probation. As a condition of his probation, appellant was ordered to participate and complete a residential drug treatment program at First Step Sober House. Thereafter, an affidavit of violation of probation was filed, alleging that appellant violated the terms of his probation by being unsuccessfully discharged from the program.
At the final violation of probation hearing, the director of First Step testified that he terminated appellant from the program after he tested positive for oxycodone. However, due to his candor regarding this matter, the director told appellant that he would allow him back into the program if he returned five days later with a negative urinalysis. He testified that appellant expressed a willingness to re-enter the program and explained that he continued with treatment by voluntarily attending recovery meetings at the facility.
Five days after his temporary discharge, appellant tested negative for controlled substances. Based on the negative test, the director allowed him back into the program and temporarily placed him on a couch at First Step pending the result of a status hearing in an unrelated case two days later. However, following the status hearing, appellant was remanded into custody, thereby making it impossible for him to remain in the program. The director testified that appellant was going to be readmitted into the program if he was not taken into custody.
Following the violation of probation hearing, the trial court entered an order revoking appellant’s probation for being unsuccessfully discharged from First Step.[1] For the reasons set forth below, we reverse the trial court’s order and remand for an order reinstating appellant’s probation.
“The underlying concept of probation is rehabilitation rather than punishment.” Lawson v. State, 969 So.2d 222, 229 (Fla.2007) (quoting Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974)). A trial court’s order revoking probation is reviewed by this court for abuse of discretion. Oertel v. State, 82 So.3d 152, 155 (Fla. 4th DCA 2012). “Just as there is broad discretionary power to grant the privilege of probation, the trial court has equally broad discretion to revoke it.” Lawson, 969 So.2d at 229 (citing State ex rel. Roberts v. Cochran, 140 So.2d 597, 599 (Fla.1962)). “Although the power of the trial court in the area of probation revocation is broad and extensive, it ‘is not unbridled and should not be arbitrarily exercised.’” Id. (quoting Cochran, 140 So.2d at 599).
Here, the program director testified that after appellant’s temporary relapse, he es *442 sentially readmitted him to the program following his negative drug test. This was the residential drug treatment program in which appellant was ordered to participate. The director evaluated appellant’s behavior and willingness to participate in the program. By readmitting appellant to the program, he concluded that appellant’s violation was not substantial to his rehabilitation. We agree.
The State’s reliance on Lawson is misplaced. The alleged violation in Lawson was based on nonattendance, rather than a temporary relapse, as is alleged in the case at bar. Lawson, 969 So.2d at 225. Moreover, Lawson centered on notice requirements provided to probationers in orders of probation. Id. at 228-31. The Lawson court, in answering a certified question,[2] merely rejected “a per se rule that a trial court abuses its discretion in revoking probation for being discharged from a court-ordered drug treatment program, where the order fails to specify the number of chances to complete the program or time parameters within which the program must be completed.” Id. at 287. This is because “such a rule may undermine the trial court’s ability to ‘consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence.’ ” Id. at 236 (citing State v. Carter, 835 So.2d 259, 261 (Fla.2002)).
Moreover, the facts of Lawson are clearly distinguishable from the facts of this case. Lawson was required to attend classes in a drug treatment program; however, he missed nine sessions. Id. at 237. Therefore, unlike this case, Lawson was afforded numerous opportunities to complete drug-offender probation. Although we find the facts and the holding of Lawson distinguishable from the case at bar, the Lawson court’s reasoning requires reversal on this record.
As the Lawson court noted “the underlying factual circumstances, including the type of program being ordered, the level of actual compliance with both the program and its rules, the reasons for being discharged, and the probationer’s willingness and commitment to being rehabilitated are distinct and unique in each case.” Id. at 232. The court further explained: “[F]or those drug-addicted defendants who are making genuine attempts to recover from their illnesses, flexibility of the treatment program is vital to their success.” Id. at 235. As such,
a defendant who unfortunately relapses while making good faith efforts at rehabilitation should not be subject to a bright line rule requiring the automatic revocation of his or her probation no matter the circumstances....
[[Image here]]
... That being said, trial courts should always be mindful of the underlying disease of addiction and aware that at times circumstances make it difficult for the defendant to comply[.]
Id. at 235-36. See also Robinson v. California, 370 U.S. 660, 674 n. 2, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (Douglas, J., concurring) (“The belief that fear of punishment is a vital factor in deterring an addict from using drugs rests upon a superficial view of the drug addiction process *443 and the nature of drug addiction.”) (citation omitted).
The record in this case illustrates a defendant fit for probation rather than “a defendant who flouts the system by making little or no effort ... to escape the consequences of his or her noncompliance[.]” Lawson, 969 So.2d at 236. Therefore, we hold that the trial court abused its discretion in rejecting appellant’s argument that his temporary discharge was based on less-than-willful conduct and constituted a de minimis, rather than a substantial, violation.

Reversed and Remanded.

POLEN, GROSS, JJ., and BLOOM, BETH F., Associate Judge, concur.

. The trial court did not revoke appellant's probation based on the fact that he relapsed with oxycodone.

. "Does a trial court abuse its discretion in finding a defendant, who is discharged from a court-ordered drug treatment program for nonattendance, in willful violation of probation when the sentencing court did not specify the number of attempts the defendant would have to successfully complete the program and impose a time period for compliance?” Lawson, 969 So.2d at 225.