243 So.2d 189 (1971)
Shadrick A. MARTIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 70-52.
District Court of Appeal of Florida, Fourth District.
January 15, 1971.
Wilfred H. Conrad, Casselberry, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
This appeal from an order revoking probation and imposing sentence presents an issue which appears to be one of first impression in this state.
On March 4, 1969, appellant was convicted of the offense of shooting into a dwelling house, an offense which is punishable by both fine and imprisonment. (F.S. Sections 790.15 and 775.06, F.S.A.) The trial court sentenced appellant to pay a fine of $5,000 or upon failure to pay the fine to serve a term at hard labor in the Seminole County jail for a period of six months from the date thereof. Additionally the court imposed probation upon the appellant in accordance with an order of probation entered the same date. F.S. Section 948.01(1), F.S.A. The order of probation was for a term of seven years and contained the standard conditions substantially similar to those set forth in F.S. Section 948.03, F.S.A. The order also provided that the term of probation would begin upon appellant's *190 release from the Seminole County jail, this latter provision apparently being in contemplation that appellant would not (or could not) pay the $5,000 fine.
Appellant did in fact serve the jail term of six months in lieu of paying the $5,000 fine, such term running from March 4, 1969 through September 3, 1969. While appellant was thus confined in the Seminole County jail he allegedly committed certain criminal acts which resulted in further criminal charges being filed against him. On November 13, 1969, affidavit for violation of probation was filed resulting in issuance of the statutory warrant of arrest. The warrant charged appellant with having violated the specific condition of the probation order which required him to "live honorably", describing with specificity the criminal acts which he allegedly committed while confined in the Seminole County jail. These detailed charges included aiding and abetting a prisoner to escape from the Seminole County jail, committing a sexual assault upon a fellow prisoner, and committing an aggravated assault upon a fellow prisoner.
The warrant was served upon appellant and in due course he was brought before the trial court on December 19, 1969, at which time a full scale hearing was held on the alleged violations of the probation order, following which the court revoked the prior order of probation and sentenced appellant to ten years in the state penitentiary under the conviction of March 4, 1969, for violation of F.S. Section 790.19, F.S.A.
Appellant's sole point on this appeal is that any act of misconduct on his part while confined in the Seminole County jail could not be a violation of a probation condition because the term of probation did not commence until he was released from the Seminole County jail. The argument is ingenious and somewhat intriguing. Nonetheless, we are satisfied that the court's action in revoking probation and imposing sentence on appellant was not error.
F.S. section 948.01(3), F.S.A. provides for probation if it appears to the court that the defendant "is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law." It cannot be emphasized too strongly that a grant of probation rests within the broad discretion of the trial judge and is a matter of grace and not of right. See State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597; Roy v. State, Fla.App. 1967, 207 So.2d 52; Pickman v. State, Fla.App. 1963, 155 So.2d 646.
It is clear that probation by its very nature presupposes the fact that the probationer is not in prison confinement. See Roy v. State, supra. The various general and specific conditions of the probation order (in this case a printed form which apparently is in common usage in this state) are nearly all such as would be applicable only to a person who was at liberty, or stated conversely, would be inapplicable to one confined to the county jail. Roy v. State, supra. Furthermore, the probation order by its expressed terms provided that the seven-year term of probation would begin on appellant's release from the Seminole County jail, a date which in the instant case would not have been before September 4, 1969. Thus, technically, appellant could not have violated the terms of a probation order which had not yet taken effect at the time of the alleged violations.
The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary *191 term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Cf. McNeely v. State, Fla.App. 1966, 186 So.2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, Bronson v. State, 1941, 148 Fla. 188, 3 So.2d 873, which may be exercised at anytime upon the court determining that the probationer has violated the law. State ex rel. Roberts v. Cochran, supra. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation.
Despite the fact that the affidavit and warrant in the instant case alleged that the misconduct ascribed to the appellant was a violation of "condition (e)" of the probation order requiring appellant to "live honorably", the specific acts of misconduct were set forth with specificity so as to adequately inform the defendant-appellant of the misconduct with which he was charged. We have no difficulty in concluding that appellant was accorded due process and that the evidence presented at the hearing was legally sufficient to sustain a finding by the trial court that appellant had committed one or more of the acts of misconduct specified in the affidavit and warrant, each of which was in itself an offense against the laws of this state.
Affirmed.
CROSS, C.J., and REED, J., concur.