261 So.2d 208 (1972)
Boy Elijah O'STEEN, Appellant,
v.
STATE of Florida, Appellee.
No. P-444.
District Court of Appeal of Florida, First District.
May 2, 1972.
Louis O. Frost, Jr., Public Defender, Bartley K. Vickers and Steven E. Rohan, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks reversal of a judgment finding him guilty of violation of probation.
Appellant contends that the trial court's revocation of probation was erroneously based on conduct engaged in by appellant prior to his having been placed on probation. We agree.
In Brill v. State, 159 Fla. 682, 32 So.2d 607 (Fla. 1947), the Supreme Court speaking of conduct that would warrant revocation of probation said that the conduct contemplated by the statute as grounds for revocation was conduct occurring during the period of revocation. In Egantoff v. State, 208 So.2d 843 (Fla.App. 1968), the court said:
"It is now settled law in this State that probation may be revoked solely upon conviction by a jury of a subsequent crime, ..."
On December 21, 1970, an information charging appellant with the offenses of receiving stolen property was filed against him in Duval County. He pled guilty to that charge on January 12, 1971, and was placed on probation for five years. On April 2, 1971, he was served with a rule to show cause why his probation should not be revoked because of certain conduct violative of the conditions of his probation order, which conduct was engaged in subsequent to his being placed on probation. On July 2, 1971, a supplemental rule to show cause was served on appellant based on the allegation that he had violated the conditions of his probation in that he was convicted on June 18, 1971, of committing the offense of breaking and entering with the intent to commit a felony. While the June 18, 1971, conviction occurred during his term of probation, the conduct giving rise to that conviction occurred on November 16, 1970, prior to the date on which appellant was placed on probation. At the probation revocation hearing, no evidence was received or considered regarding the infractions alleged in the April 2, 1971, rule to show cause. Rather, the only conduct of appellant's which was considered was that relating to the charges on which the supplemental *209 rule to show cause of July 2, 1971, was based. As noted above, since the latter charge was based on conduct occurring pior to the probation order, it cannot legally form the basis of revocation of probation. Accordingly, we reverse the judgment reviewed herein and remand this cause to the trial court for a further hearing on the charges of probation violation set out in the April 2, 1971, rule to show cause, any one of which allegations of violation, if shown to be true, would be sufficient ground to revoke appellant's probation since that alleged conduct did occur subsequent to probation order.
Reversed and remanded.
SPECTOR, C.J., and WIGGINTON and JOHNSON, JJ., concur.