361 So.2d 446 (1978)
STATE of Florida ex rel. Larry MILTON, Petitioner,
v.
Honorable J. Tim STRICKLAND, As Circuit Judge of the Tenth Judicial Circuit, Respondent.
No. 78-767.
District Court of Appeal of Florida, Second District.
August 11, 1978.
Jack O. Johnson, Public Defender, P. Douglas Brinkmeyer and Jon J. Hall, Asst. Public Defenders, Bartow, for petitioner.
*447 Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Chief Judge.
Larry Milton has filed a petition with this court seeking to prohibit the court below from trying him on a charge of manufacturing a controlled substance.
After the information was filed Milton moved to suppress certain evidence. The motion was denied. Pursuant to plea negotiations Milton then appeared before the court and entered a plea of nolo contendere. According to the bargain, Milton was to be placed on probation for a period of three years. The court would determine the extent of the costs to be imposed and whether Milton was to be adjudicated after receipt of a PSI. During the colloquy the court asked whether Milton intended to reserve the right to appeal the denial of the motion to suppress. Milton's attorney indicated that he did wish to appeal this point, and the court made no further observation on that subject. After establishing a factual basis and determining that the plea was freely and voluntarily made, the judge stated that he would accept the plea "for PSI the disposition to be within the perimeters of the negotiation discussed."
At a later sentencing hearing the judge indicated his dissatisfaction with the reservation of the right to appeal. The judge expressed the opinion that pursuing an appeal was inconsistent with acknowledgment of guilt which is a first step toward the rehabilitation implicit in the sentence of probation. At this point he rejected the plea bargain and gave Milton the option to either plead guilty (thereby waiving the right to appeal) and receive the sentence contemplated by the bargain or to withdraw his plea. Milton declined to plead guilty, so the case was set for trial. Upon the filing of this petition our court issued an order to show cause which had the effect of staying further proceedings.
No one suggests that the judge was obligated to accept the negotiated nolo contendere plea. Nevertheless, from a careful reading of the record of the first hearing, it seems clear that he did accept this plea, and it was conditioned on the reservation of the right to appeal. Evidently the judge's desire that Milton forego his right of appeal resulted from a change of philosophy which occurred between the taking of the plea and the sentencing. The judge, himself, observed that the day he took the plea was only his fifth day on the felony criminal bench.
Our deliberations have been facilitated by the fact that our sister court has recently answered all of the questions posed in this case. In State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), the judge had also accepted certain nolo contendere pleas pursuant to a plea bargain. Later, because of dissatisfaction on the part of the defendant's victims, the court entered an order rejecting the previously tendered pleas, reinstating the defendant's previous not guilty pleas and setting the cases for trial. The defendant sought prohibition in the district court of appeal.
The court first held that once a plea has been accepted, the court no longer has the power to reject the plea over the defendant's objections. However, the court also held that the sentencing function is so uniquely judicial that it cannot be bargained away even by the trial judge. Thus, even though a bargained plea has been accepted, the judge may still impose a greater sentence. Writing for the court Judge Smith said:
Until sentence is pronounced, the trial court maintains power to impose any sentence authorized by law; and, though the sentencing judge may be conscience-bound to perform his own prior agreements with counsel and the parties, the court is not in law bound to impose a sentence that once seemed, but no longer seems, just and appropriate. Where as here a nolo contendere or guilty plea is tendered in reliance on the court's expression of sentencing intentions, and the plea is accepted, the sentencing judge must grant the defendant a clear opportunity to withdraw the plea if the judge *448 cannot in conscience impose the sentence indicated; but that is the limit of the trial court's obligation... .
In reaching the same conclusion with respect to a bargained guilty plea in Davis v. State, 308 So.2d 27 (Fla. 1975), our supreme court said:
We come now to the problem sub judice: when a judge who has participated in or tentatively approved a plea bargain decides not to include the concessions contemplated therein in his final disposition of the case and affirmatively offers the defendant the opportunity to withdraw his guilty plea, may the defendant refuse to withdraw his plea on the ground that the plea bargain is a specifically enforceable contract? We think not. It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it. If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
When these principles are applied to the instant case, it appears that the court could not reject the previously accepted plea or insist that the plea be changed to guilty in order to prevent Milton from exercising his right to appeal. Rather, the court should simply proceed to impose the sentence. If the sentence is not in accordance with the bargain, Milton must be offered the opportunity to withdraw his plea and the case should be set for trial.
The petition is granted to the extent that the trial court is prohibited from rejecting the previously accepted nolo contendere plea. The petition is otherwise denied.
HOBSON and RYDER, JJ., concur.