364 So.2d 544 (1978)
Joseph Robert HART, Appellant,
v.
STATE of Florida, Appellee.
No. 78-144.
District Court of Appeal of Florida, Fourth District.
November 22, 1978.
Rehearing Denied January 3, 1979.
W.J. Heffernan, Jr., of Lubet, Heffernan & Rabinowitz, Altamonte Springs, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne and Robert L. Bogen, Asst. Attys. Gen., West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal from a conviction and sentence for a felony which was predicated upon a violation of probation. We affirm.
Appellant was convicted of two separate felonies for which he received consecutive sentences. The first sentence was for a period of five years incarceration, the last three and one-half years of which were to be suspended with the appellant being placed on probation. The second sentence was to five years probation, said sentence to run consecutive to the first sentence. Appellant served the one and one-half years confinement and commenced his probation under the first sentence. During this time appellant entered a guilty plea to a new felony occurring during his probation and this violation of the law was used as support for an affidavit charging a violation of the probation upon which appellant was placed, but which he had not commenced serving. Appellant's motion to dismiss the charges alleging a violation of probation was denied, whereupon he entered a plea of no contest to the violation, reserving his right to appeal the denial of his motion to dismiss. The court revoked the second probation and sentenced appellant to another period of incarceration. This appeal followed.
Appellant contends that as a matter of law the court could not revoke a sentence of probation which appellant had not commenced serving. This precise question was decided by this court in Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971) wherein we said:
"The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. [Citation omitted]. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, *545 the power to revoke probation is an inherent power of the trial court, [citation omitted] which may be exercised at any time upon the court determining that the probationer has violated the law. [Citation omitted]. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation." 243 So.2d at 190-191. (Emphasis ours).
Appellant would distinguish Martin. Although Martin involved a single conviction, there, as here, the acts giving rise to the revocation of probation occurred prior to the commencement of probation. We are persuaded that Martin is controlling and the judgment of conviction and sentence is therefore affirmed.
AFFIRMED.
BERANEK, J., and FRANZA, ARTHUR J., Associate Judge, concur.