380 So.2d 501 (1980)
John Emmett MALLOY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1852.
District Court of Appeal of Florida, Second District.
February 22, 1980.
*502 Jack O. Johnson, Public Defender, and Charles L. Stutts, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Appellant appeals from an order revoking his probation on the ground that the conduct upon which the court based the revocation took place before the entry of the probation order. We reverse.
The state charged appellant by information with burglary and petty theft. Pursuant to plea negotiations between his defense counsel and the state attorney, appellant pled guilty to both charges. The terms of the plea negotiations were that appellant would be placed on probation following a presentence investigation, that there would be a six month jail cap, that the question of adjudication would be left to the discretion of the court, and that the state attorney's office would not recommend that appellant go to jail. The court accepted the plea, withheld adjudication, and ordered appellant to appear for sentencing at a later date.
Appellant left the state and failed to appear before the official conducting his presentence investigation. One and one half years after the entry of his plea, appellant appeared for sentencing on the charges. The court adjudicated him guilty and placed him on five years probation with six months to be spent in jail. As a condition of probation, he was to comply with the instructions of his probation supervisor. The court also stated that the order was to be entered as of the date of the plea. Thereupon, the court found that appellant had violated the terms of his probation by refusing to report to his probation officer for the presentence investigation and revoked the probation on this basis. It then sentenced appellant to two years in state prison.
Appellant cites O'Steen v. State, 261 So.2d 208 (Fla.1st DCA 1972), for the proposition that conduct occurring prior to the probation order cannot form the basis for a revocation of probation. Relying upon Hart v. State, 364 So.2d 544 (Fla.4th DCA 1978), and Martin v. State, 243 So.2d 189 (Fla.4th DCA 1971), the state argues that the revocation was proper because the offending conduct took place subsequent to the entry of appellant's guilty plea.
We find that Hart and Martin are distinguishable from the instant case. In both of those cases the probation order had been entered when the conduct occurred, even though the term had not yet commenced. Here, the court had not entered the probation order at the time of the violation. While we can understand why the court might have been disenchanted with appellant, the law does not permit the revocation of a defendant's probation for conduct which occurs prior to the entry of the probation order.
*503 When the court entered the judgment and sentence according to the plea bargain, it obviously did so intending to immediately revoke the probation because of appellant's prior conduct. Now that we have determined that the probation cannot be revoked under these circumstances, we believe the court should again be given the right to decide whether to impose a sentence consistent with the bargain. Accordingly, we vacate the original judgment and sentence along with the order of revocation and remand for further proceedings. Should the court conclude that appellant is not now entitled to benefits of the plea bargain, it retains the option of imposing a more severe sentence, but in this event it must afford appellant the opportunity to withdraw his plea. State ex rel. Milton v. Strickland, 361 So.2d 446 (Fla.2d DCA 1978).
REVERSED and REMANDED.
SCHEB and OTT, JJ., concur.