381 So.2d 370 (1980)
Roger Lee BRACEY, a/K/a Roger Lee Bracy, Appellant,
v.
STATE of Florida, Appellee.
No. 79-989.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
Richard L. Jorandby, Public Defender, and Gary S. Israel, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
In 1972, the defendant/appellant pled guilty to second degree murder and robbery and was sentenced to twenty years on the murder charge and probation for life on the robbery charge. The probationary period was to begin upon defendant's release from incarceration on the murder charge. While in prison on the murder charge, defendant apparently escaped and committed an aggravated battery. He was again taken into custody and an affidavit was filed alleging a violation of his probation. Defendant moved to dismiss the affidavit urging that since his probation period had not yet begun, it could not be violated. The motion to dismiss the affidavit was denied and the trial court found the defendant guilty of both violations. The court revoked his probation and sentenced him to 99 years in prison on the robbery charge. The robbery sentence and the murder sentence were to run consecutively.
On appeal defendant contends the trial court had no jurisdiction to revoke his probation because the probation period had not yet begun. This issue has been previously *371 dealt with by this Court in Hart v. State, 364 So.2d 544 (Fla. 4th DCA 1979), and Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971), wherein we ruled directly to the contrary. The judgment and conviction below is affirmed.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.