LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment revoking appellant’s probation.
The judgment entry recites in pertinent part:
“On December 18, 1979, David Howard, Chief Deputy District Attorney of Laud-erdale County, Alabama, appearing for the State of Alabama in the matter of Revocation Hearing of Eddie Dean Wilcox’s charge of Grand larceny, and at this time Eddie Dean Wilcox appeared with his attorney, John McDaniel, for Revocation Hearing; and after defendant’s record was presented to the court, the court at this time revoked subject’s probation. Mr. John McDaniel, attorney for Eddie Dean Wilcox, at this time presented various motions to the court, the same being overruled; also at this time Notice of Appeal was given.

“On December 21, 1979, defendant’s motion for rehearing was granted and Revocation Hearing on probation was had [at which hearing appellant and attorneys for the parties were present]. And after the record being heard, defendant’s probation was revoked.”
A substantial part of the transcript of the proceedings at the hearing relates to some of the motions presented by counsel for Wilcox. The motions purported to present some questions as to the constitutionality of Section 15-18-8, Code of Ala. 1975 (1978 Cum.Supp.), under which, after defendant’s conviction, the court ordered that he “be confined in a prison, jail-type institution or treatment institution for a period not exceeding one year and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best.” It was also contended by the movant that the revocation of probation would have the effect of ex post facto legislation.
We are not favorably impressed with the constitutional questions presented, but we forego determination of them in view of the dispositive conclusion hereinafter reached.
The central theme of appellant’s contention is that his probation was revoked on the ground that he had committed a criminal offense prior to the date of the order of probation.
The hearing consisted largely of oral stipulations in open court, which doubtless were well intended to conserve time but are not conducive to clarity and certainty. We do not have before us a copy of the written charge filed by the probation officer, which apparently was the basis for the setting of the hearing for revocation of probation and the resultant hearing. We are not presented with a copy of the judgment of conviction and sentence in the case (a grand larceny case) in which defendant was granted probation for the last four years of his sentence of imprisonment for five years. We have before us a copy of the Order of Probation dated October 27,1979, signed by the trial judge, to which is appended a *1054 certificate signed by the probationer as follows:
“I hereby certify that this Order of Probation has been read and explained to me and I agree to all the conditions. This 26th day of October, 1979.”
Notwithstanding the vagueness as to the actual charge made against the probationer and all of the factors that may have entered into the rendition of the judgment revoking his probation, it presently seems unquestioned that his probation was revoked by reason of a criminal offense committed by him on June 2,1979, for which he was convicted on November 29, 1979, two days after he had begun the probationary period of his previous conviction. This is succinctly stated in the following portion of the transcript of the proceedings at the revocation hearing:
“THE COURT: All right, sir, for the record then it appears that the new offense allegedly was committed on June 2nd, 1979, but that no one in the Lauder-dale County Probation Office or the Huntsville Probation Office or myself had any notice of that new offense until the date of conviction, which was November 29th, 1979, after Mr. Wilcox had begun his probationary period on October 27th of 1979, now, is that a correct statement?
“MR. McDANIEL: Yes, sir.”
We find no authority, statutory or otherwise, for revocation of probation in the absence of conduct on the part of the probationer constituting a violation of the term or condition of probation. It follows logically, it seems to us, that there can be no violation of a term or condition of probation other than by commissive or omissive conduct during the probationary period. Although there is a dearth of authorities on the particular point, it has been determined clearly and forthrightly in Florida.
“Appellant contends that the trial court’s revocation of probation was erroneously based on conduct engaged in by appellant prior to his having been placed on probation. We agree.
“In Brill v. State, 159 Fla. 682, 32 So.2d 607 (Fla.1947), the Supreme Court speaking of conduct that would warrant revocation of probation said that the conduct contemplated by the statute as grounds for revocation was conduct occurring during the period of revocation. In Egantoff v. State, 208 So.2d 843 (Fla.App. 1968), the court said:
“ ‘It is now settled law in this State that probation may be revoked solely upon conviction by a jury of a subsequent crime, . ..O'Steen v. State, 261 So.2d 208 (Fla.App.1972).
We find no authority to the contrary. Clearly distinguishable are State v. Scott, Iowa, 300 N.W. 273 (1941), involving a vacation of a parole for a convict who was not eligible for parole and People v. Leach, 22 Cal.App.2d 525, 71 P.2d 594 (1937), involving the vacation of an order for probation for one who was not eligible for probation.
The judgment of the trial court should be reversed and the cause remanded for further proceedings in accordance herewith.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.