396 So.2d 815 (1981)
Earl Peter KIMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1806.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
*816 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Kimble appeals from an order revoking his probation and sentencing him to three years in prison.
Appellant was originally placed on probation on February 21, 1975 for a period of four years pursuant to a plea of guilty to the crime of burglary.
On February 14, 1978 an affidavit of violation of probation was filed, charging appellant with failing to submit three monthly reports, failing to pay the monthly $10.00 supervision fee required by Section 945.30, Florida Statutes, committing petty larceny, and failing to comply with his supervisor's instructions. A warrant based on the affidavit was issued on the same day the affidavit was filed. Subsequently, on June 12, 1979, an amended affidavit was filed, adding the charge of burglary of a dwelling, alleged to have occurred on February 24, 1979.
The petty larceny charge was subsequently dropped. Appellant's probation was revoked for the remaining violations.
Probation may be revoked for conduct which occurs during the interval between the entry of the probation order and the beginning of the probationary period. Bracey v. State, 381 So.2d 370 (Fla. 4th DCA 1980); Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971). The State argues that therefore probation may be revoked for conduct occurring during the interval between the date originally set for expiration of the probation term and the probation revocation hearing, especially if probation could be extended for the violations committed during its term. However, this argument ignores the unique circumstances of Bracey and Martin. In both of those cases appellants' sentences included incarceration and, upon release, probation. Both appellants committed offenses while incarcerated and thus their probation was revoked, because, as this Court stated in Martin v. State, supra at 191:
To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society.
There are no such policy considerations involved in a violation which occurs after the term of probation has expired. The rule has been rather firmly established that conduct giving rise to revocation of probation must occur during the period of *817 probation. Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977); O'Steen v. State, 261 So.2d 208 (Fla. 1st DCA 1972). Upon the expiration of a probationary period, the trial court is divested of all jurisdiction over the probationer and may not entertain a revocation proceeding for a violation which occurred during the term of probation unless, in the meantime, the processes of the court have been set in motion for revocation or modification of the probation. Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978); State ex rel. Ard v. Shelby, 97 So.2d 631 (Fla. 1st DCA 1957).
In our view setting in motion the processes of the court preserves for consideration only those violations which have occurred or are alleged to have occurred during the actual term of probation. Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980). Accordingly, appellant's probation was improperly revoked for the burglary charge.
Appellant was required by condition four of his probation to live and remain at liberty without violating any law. Section 945.30, Florida Statutes (1979) requires that every person on probation contribute at least $10.00 to the entity providing him with supervision. Thus, payment of a monthly supervision fee was a condition of appellant's probation. Appellant was aware of this obligation. There must, however, be a sufficient demonstration of probationer's ability to pay and a specific finding by the court regarding that ability to pay. Smith v. State, 380 So.2d 1175 (Fla. 4th DCA 1980). The trial court made no such specific finding. Where there is evidence in the record to support a finding of ability to pay, it is appropriate to remand for the purpose of permitting the trial court to enter such a finding. See Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978).
Finally, appellant takes the position that the remaining two violations were technical and insubstantial. However, the obligation to file monthly reports was specifically imposed by condition two of the probation order and failure to file them may be a basis for revocation. Porter v. State, 380 So.2d 523 (Fla. 4th DCA 1980) (failure to file four monthly reports was a basis for revocation when imposed as one of the conditions of probation).
As to the allegation that appellant failed to carry out his supervisor's instructions by not appearing for an appointment, there was no evidence that appellant received the letter scheduling the appointment.
Appellant also urges as error the imposition of court costs. Such costs may not be imposed upon an indigent defendant. Cox v. State, 334 So.2d 568 (Fla. 1976); Jones v. State, 388 So.2d 316 (Fla. 4th DCA 1980). Appellant was represented in the trial court by the Public Defender, as he is on appeal. This indicates that appellant is indigent; therefore, imposition of $2.00 court costs was error.
We therefore reverse the order revoking appellant's probation, finding that the burglary charge and the allegation that appellant failed to carry out his supervisor's instructions may not appropriately be considered by the trial court on remand. Further imposition of costs against this indigent appellant is improper. The trial court must therefore consider whether appellant's probation should be revoked for failure to file monthly reports and, provided the ability to pay is demonstrated, failure to pay costs of supervision.
REVERSED AND REMANDED.
LETTS, C.J., and DOWNEY, J., concur.