PER CURIAM.
In July, 1981, the defendant entered pleas of guilty to criminal trespass (a misdemean- or with a possible probationary period of six months), and to being an accessory after the fact (a third degree felony with a possible probationary period of five years). The trial court withheld adjudication on both counts and placed the defendant on probation for concurrent terms of three years. The defendant, at that time, failed to contest the probationary period for criminal trespass. On May 14, 1982, the defendant was found guilty of violating probation. The court imposed a sentence of sixty days for criminal trespass and five years for accessory after the fact, both sentences to run concurrently.
There is substantial competent evidence in the record to justify the court’s revocation of probation. Therefore, we affirm the defendant’s conviction for being an accessory after the fact but, for the following reason, we reverse the defendant’s conviction for criminal trespass. It is fundamental that upon expiration of a probationary period, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation. Gardner v. State, 412 So.2d 10 (Fla. 2nd DCA 1981); Kimble v. *216 State, 396 So.2d 815 (Fla. 4th DCA 1981). The maximum probationary period for criminal trespass is six months, see Section 948.04, Florida Statutes (1981), and since that period had expired long before the date on which the affidavit of violation of probation was filed in this case, we hold that the trial court was without jurisdiction to consider a violation of the criminal trespass probationary period.
Accordingly, we affirm in part and reverse in part and remand with instructions to vacate defendant’s conviction and sentence for criminal trespass.
Affirmed in part and reversed in part and remanded with instructions.
LETTS, C.J., and HURLEY and DELL, JJ., concur.