This is an appeal from an order revoking probation that was granted appellant in Circuit Court Cases 76-01133 and 77-00432. In each case, he had pleaded guilty to an indictment charging him with grand larceny, had been adjudged guilty thereof and had received a sentence, concurrent with the other case, of imprisonment in the penitentiary for two years. Upon his application for probation in each case, the cases were consolidated for a probation hearing, and on May 13, 1977, the sentences were suspended and defendant was placed on probation until May 12, 1979. On a showing of indigency, an attorney was appointed for him on the revocation hearing, and the same attorney represents him by appointment on this appeal.
Appellant urges that as to the probation revocation proceeding there was a failure to meet the minimum standards of due process in accordance with the requirements set forth inArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), pursuant to Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). He specifies: (1) that there was no written notice to the probationer of the claimed violation of probation and (2) that there was no disclosure to the probationer of evidence against him, which, if true, would constitute a failure to meet the correspondingly numbered requirements of the opinion in Armstrong v. State, supra. As to the specific contentions, we quote from the transcript of the probation revocation hearings the following colloquy during the first hearing on May 25, 1982:
 "MR. DODD [Defendant's Attorney]: He had an argument with his girl friend and the police were called and they checked NCIC and that was when —
"THE COURT: That was when?
"MR. DODD: May 18, 1982.
 "THE COURT: May 18, '82 he had an argument with his girl friend and the police were called and checked NCIC and found out this outstanding warrant and he was placed back in Jefferson County Jail on 5-13-82.
 "You are now charged with violation of your probation, not failure to pay court costs, but for failure of being convicted of robbery in Walker County and escape in Elmore County. Do you understand?
"THE DEFENDANT: Yes, sir.
 "THE COURT: I might add that I find the defendant could not pay his court costs because he was in fact in the State penitentiary.
 "Has he been served with this (indicating) or anything?
 "MR. WILSON [State's Attorney]: (Shook head in the negative)
 "THE COURT: That is your copy, sir. We will pass until next Friday for final revocation hearing."
The transcript of the proceedings shows that the revocation hearing was resumed on May 28, 1982, at 9:20 A.M., which commenced as follows:
"(MURRAY GUTHRIE, SWORN)
 "THE COURT: This is the final hearing of Jimmy Coleman Sides which I took the preliminary last week. Tell me about it, about Mr. Sides.
 "MR. GUTHRIE [Probation Officer]: Mr. Sides was parolled on 2-8-82 to his apartment address in Walker County.
 "THE COURT: He was placed on probation here and you have these records?
"MR. GUTHRIE: No, sir.
"THE COURT: You have your report, don't you?
 "MR. GUTHRIE: I have the report that I sent you, but all that is what I was told *Page 50 
over the telephone — the failure to pay court costs.
 "THE COURT: He was placed on probation May 13, 1977, what happen after that?
 "MR. GUTHRIE: He was arrested on 11-20-76 and charged with robbery and he was sentenced to 10 years in the penitentiary on 10-12-77 for the robbery charge.
"MR. DODD: Did you say arrested on 11-20-76?
 "MR. GUTHRIE: That was the date of the offense. I didn't — the date of arrest was 3-7-77.
 "THE COURT: Did he subsequently escape from the penitentiary?
"MR. GUTHRIE: Yes, sir, he was convicted.
"THE COURT: When was that?
"MR. GUTHRIE: 5-1-79.
"THE COURT: 5-1-79. And how many years?
"MR. GUTHRIE: One year, I believe."
Notwithstanding our inclination to believe that probably the appellant received on May 23, 1982, "written notice . . . of the claimed violation of probation" as indicated by the trial court's statement, "That is your copy, sir. We will pass until next Friday for final revocation hearing," as shown by the excerpt of the transcript quoted above, we are not fully persuaded as to this, as the transcript contains no copy of the "copy" apparently handed the probationer at the time by the court and little is said about the contents of the copy or the contents of the original at the hearing resumed on May 28, 1982.
The court concluded the hearing on May 28, 1982, as follows:
"THE COURT: This is a finding of fact.
 "May 13, 1977, this defendant was placed on probation in two cases of grand larceny. He was given two years concurrently and placed on probation. On May 13, 1977, I find as a fact that the defendant was arrested in Walker County March 7, 1977, for the offense of robbery which occurred on November 20, 1976, and this matter was not brought to the attention of the court and convicted of robbery on November 20, 1976.
 "I further find, as a fact, that the defendant attempted to escape from the penitentiary and was convicted on May 1, 1979, for attempted escape. A writ of probation violation was issued against this defendant on March 31, 1978, not for the robbery escape conviction, but for the failure to pay court costs for which the defendant was unable to do by virtue of being in the State penitentiary.
 "Defendant's probation is hereby revoked due to the defendant being subsequently convicted of the offense of robbery and attempting to escape after being placed on probation by this Court."
Appellant also insists that the court was in error in holding that appellant had violated the terms of his probation by "his conviction of a criminal offense which occurred prior to the time he was placed on probation." During the argument on the hearing on this point, the following statements were made:
 "MR. DODD: . . . The point I'm making to Your Honor is this: the defendant, if he had been brought before Your Honor in 1977, in October of 1977, for action in these two cases, I would say to the Court that you would not have revoked him at that time.
"THE COURT: Why?
 "MR. DODD: Because the offense which you have brought him before was something that occurred prior to you placing him on probation, it was not something that he committed after you placed him on probation, he would not have had a violation.
 "THE COURT: Show me the case that says I can't revoke for something I did not know about that occurred prior to the actual offense.
 "MR. DODD: There is no testimony that you did not know that he had a pending case in Walker County.
 "THE COURT: The record reflects I did not and I did not know it. The record is silent as to any writ — is there a delinquency *Page 51 
report directed to me from Walker County?
 "MR. GUTHRIE: There would not have been, because this was prior to your case.
 "THE COURT: You mean if a person is arrested after I put them on probation for something they did prior to being put on —
 "MR. GUTHRIE: He was denied probation in Walker County, so we would not have done anything on that.
 "MR. DODD: According to the record he was arrested before he was placed on probation.
 "THE COURT: About three or four days? Just to give you an example —
 "MR. DODD: It was two months, March 7th is when he was arrested and placed on probation in May.
 "THE COURT: Two months, I'm sorry. Are you saying that would not have been brought to my attention, is that the policy of this probation office?
"MR. GUTHRIE: The Jasper office.
"THE COURT: How about the Birmingham office?
"MR. GUTHRIE: They should have done it.
"THE COURT: Is there any record of that, sir?
"MR. GUTHRIE: No, sir."
We are convinced that probably there has been a failure to reproduce precisely what the learned trial judge said and meant in endeavoring to bring order out of the chaotic circumstances related at the revocation hearings on May 23 and May 25, 1982, as to appellant's criminal activities in Walker County, his period of imprisonment, his escape, his recapture, his parole, and his subsequent apprehension as an alleged violator of his probation in the Jefferson County cases under consideration. Whether so or not, we are unable to determine with reasonable certainty all of the facts necessary for us to come to a conclusion as to the validity of the judgment revoking appellant's probation. We find it necessary, therefore, to remand the case for further hearing, with directions that the trial court reopen the hearing upon which this appeal is presently based and do what it can, and that the parties be given an opportunity to do what they can, to clarify the question whether appellant was given written notice of the claimed violation of his probation and a disclosure of the evidence against him, before the probation hearing on May 28, 1982, and the pertinent facts developed at said hearing, in the light of what we have already said herein and the following comments.
We make no decision at this time as to whether the trial court was correct in statements relative to whether there would have been a violation of probation by any conduct of the probationer prior to his probation, but we refer to Ex parteState (In re: Wilcox v. State), Ala., 395 So.2d 1054, 1056, in which it is stated:
 "The Court of Criminal Appeals stated the general rule applicable to probation revocation hearings as follows: `There can be no violation of a term or condition of probation other than by commissive or omissive conduct during the probationary period.' We adopt the general rule and expand it to include the proviso that probation may be revoked solely upon conviction of a subsequent crime, provided the subsequent conviction is valid. . . ."
In the cited case, the Alabama Supreme Court reversed Wilcox v.State, Ala.Cr.App., 395 So.2d 1052, by reason of the failure of the writer of the opinion therein, who now endeavors to write the opinion herein, to consider, as he should have done, that the alleged violation of the terms of the probation in Wilcoxv. State, although occurring prior to the effective date of the probationary portion of the sentence, actually occurred at atime subsequent to the rendition of the order of probation. In accordance with the opinion of the Alabama Supreme Court and the Alabama Court of Criminal Appeals in Wilcox, supra, a determination by the trial court in the instant case that conduct of the appellant prior to the date of the order of probation would be *Page 52 
a basis for revocation of his probation would be incorrect.
According to the record before us, the order of probation in the two Circuit Court cases under consideration was entered on May 13, 1977, as the transcript of the proceedings herein discloses, and the first paragraph of the order of probation provides:
 "The defendant having made application for probation, the Court is of the opinion that the same should be granted. It is therefore ordered that the sentences in this cause, heretofore imposed, are suspended until May 12 1979 and the defendant is placed on probation until said date. . . ."
It appears that the conviction for "escape" occurred only twelve days before the expiration of appellant's period of probation, which emphasizes the necessity for exactitude as to the date of said conviction if said conviction is to form a basis for revocation of his probation. It appears also that, although a writ was issued against appellant on March 31, 1978, for a violation of his probation by reason of his failure to pay court costs, which the trial court determined was not a basis for revocation of probation, no writ or warrant for his arrest was ever executed upon him for violation of his probation until May 13, 1982. This gives us concern as to whether the instant proceeding for revocation of probation was instituted during the period of probation. In this connection, we refer to Brantley v. State, Ala.Cr.App., per Judge DeCarlo,340 So.2d 901, 902, cert. denied, 340 So.2d 902, in which it is stated:
 "The application of the speedy trial principle to probation revocation hearings has not been determined in Alabama. This is the first occasion when such an insistence has been made. It is our judgment that a probation violator's warrant could be issued and probation revoked any time before the expiration of the term for which probation was granted. The right to a speedy trial is not involved. Cox v. Feldkamp, 438 F.2d 1 (5th Cir. 1971); Moultrie v. State of Georgia, 464 F.2d 551 (5th Cir. 1972)."
Reference is also made to United States v. Tyler, 605 F.2d 851
(5 Cir. 1979), in which it was held that the probationary system imposes a duty on a probation officer to represent the interests of both society and the probationer and that an unreasonable delay in bringing charges of violations, or piecemeal approach seeking revocation of probation, would rarely, if ever, serve the interests of either.
In remanding this cause with directions that the trial court reopen the probation hearing, we further direct that, after the hearing to be conducted, the trial court render such judgment as the pleadings, the evidence and the law justify, which will then constitute the judgment for this Court to review upon a return to this remandment with a copy of the judgment and a transcript of the reopened hearing, and which return shall be made in due course with notice to each of the parties. Either aggrieved party will have thirty days therefrom to file a brief in this Court, and the opposing party will then have fifteen days within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND