This is an appeal from an order revoking appellant's probation. Appellant pleaded guilty on April 18, 1986, to the offenses of burglary in the third degree and receiving stolen property in the second degree and was sentenced as a habitual offender to fifteen years' imprisonment on each offense. It was ordered that the sentences run concurrently. On May 14, 1986, the sentences were suspended, and appellant was placed on probation for five years in each case. The standard conditions of probation were imposed. On June 16, 1986, petitions for revocation of probation were filed, alleging a violation of "condition # 1, New Offense: Burglary Third, Theft Second, Receiving Stolen Property Second." "Condition # 1" of the orders of probation provides that, while on probation, appellant will not violate any federal, state, or local law. The delinquency report of the probation officer attached to the petitions for revocation and the evidence presented at the revocation hearing reflect that the alleged new offenses, urged as a ground for revocation, occurred March 23-25, 1986, prior to the date of the order placing appellant on probation. The record shows that appellant was arrested and indicted for the alleged new offenses subsequent to the granting of probation. It appears that there was no final disposition of these alleged offenses at the time of the probation revocation hearing. The record also reflects that, at the time the trial court placed appellant on probation, it was unaware that appellant was under investigation for the alleged offenses occurring March 23-25, 1986.
On July 15, 1986, after a revocation hearing, the trial court entered an order revoking appellant's probation because of a violation of "Condition # 1" of the orders of probation. Thus, it is clear that appellant's probation has been revoked because of alleged misconduct occurring before appellant was placed under probationary sentence or before the entry of a probation order.
We stated the general rule in Wilcox v. State, 395 So.2d 1052
(Ala.Cr.App. 1980), rev'd on other grounds, 395 So.2d 1054
(Ala. 1981), that there can be no violation of a term or condition of probation other than by commissive or omissive conduct during the probationary period. See also Sides v.State, 455 So.2d 48 (Ala.Cr.App. 1984); Malloy v. State,380 So.2d 501 (Fla.Dist.Ct.App. 1980); Demchak v. State,351 So.2d 1053 (Fla.Dist.Ct.App. 1977); O'Steen v. State,261 So.2d 208 (Fla.Dist.Ct.App. 1972); N. Cohen and J. Gobert,The Law of Probation and Parole § 9.05 (1983). The rule is based on the rationale that the offender did not break a condition because no such condition was in effect at the time of the wrongful acts.
In reviewing our disposition in Wilcox, our supreme court adopted the general rule stated above and expanded it to include the proviso that probation may be revoked where a defendant commits a crime while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence. See also Touch v. State, 399 So.2d 934
(Ala.Cr.App. 1981).
In the instant case, the charges upon which probation was revoked were based on conduct occurring prior to the sentences and probation orders and, thus, could not properly form the basis for revocation of appellant's probation. The proviso adopted in Wilcox v. State and followed by us in Touch v.State, does not apply in the case now before us. Here, the alleged misconduct clearly occurred prior to the imposition of the sentences, as well as before the orders of probation.
During the revocation hearing, when the trial court and counsel were discussing the question of whether probation could be revoked for alleged offenses committed prior to the granting of probation, the trial judge indicated that he might consider the petitions for revocation as petitions for reconsideration of probation on the basis of newly discovered evidence; however, the court did not pursue that course. Questions relating to the power of the trial court to reconsider the granting of probation due to newly discovered evidence are not before us and will not be discussed in this opinion. *Page 826 
We note that the trial court's order of revocation does not meet the minimum standards of due process in accordance with the requirements set forth in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), because there is no written statement by the trial judge as to the evidence relied on for revoking probation.
Accordingly, we reverse the judgment of the trial court and remand the case with instructions that the order of revocation of probation of July 15, 1986, be set aside.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.