PER CURIAM.
 

 Defendant Marco Guerra appeals his adjudication of violation of probation in case number 02-33576, which was based on conduct that predated imposition of the probation sentence, and his sentence in case number 03-2289, a separate offense. We reverse.
 

 On February 24, 2003, the defendant pled guilty to second degree grand theft in case number 02-33576 and was sentenced to five years probation. In early March, he was arrested and charged in case numbers 03-2288 and 03-2289 for offenses that occurred in January 2003.
 

 Later in March 2003, a violation of probation affidavit was filed against the defendant in case number 02-33576. The affidavit charged him with violating probation in 02-33576 by committing a new offense in case numbers 03-2289 and 03-2288. However, the date of the offenses in these cases was January 15, and 13, 2003, respectively.
 

 As the State properly concedes, a violation of probation cannot be based on conduct that predates the probation sentence.
 
 Dearing v. State,
 
 388 So.2d 296 (Fla. 3d DCA 1980);
 
 Malloy v. State,
 
 380 So.2d 501 (Fla. 2d DCA 1980);
 
 O’Steen v. State,
 
 261 So.2d 208 (Fla. 1st DCA 1972). We therefore vacate the violation of probation in 02-33576.
 

 We also agree with the defendant’s contention that the entire “package sentence” needs to be reversed. The pleas were taken all at one time with the intention that the three cases be closed out. It is not for a reviewing court to speculate whether the defendant would have obtained an agreement to a more favorable “package” plea offer in 03-2288 and 03-2289 had it then been known that the alleged violation of probation was subject to dismissal. The defendant should be returned to his original position before the negotiated plea bargain.
 
 Geiger v. State,
 
 532 So.2d 1298, 1301 (Fla. 2d DCA 1988). This result requires the defendant to accept reinstatement of the charges in case number 03-2288 in order to return him “to the position that existed before the bargain,” and this occurs “outside the ambit of the speedy trial rule.”
 
 Id.
 

 We therefore vacate the violation of probation in 02-33576, vacate the nolle pros and reinstate the charges in case number 03-2288, and vacate the plea and sentence in case number 03-2289. This cause is remanded for further proceedings consistent with this opinion.
 

 Vacated and remanded.