KELLUM, Judge.
 

 ' The appellant, Troy Andrew Smiley, appeals the circuit court’s revocation of his probation. The record indicates that on June 13, 2008, Smiley pleaded guilty to the unlawful possession of drug paraphernalia. He was sentenced to one year’s imprisonment; however, the court suspended the sentence and placed Smiley on supervised probation for one year.
 

 On July 24, 2008, the circuit court signed a “probation tolling order” and issued a warrant for Smiley’s arrest based on Smiley’s alleged violation of the terms and conditions of his probation; namely, his arrest for a new criminal offense — murder — while he was on probation. On July 25, 2008, the circuit court held a probation-revocation hearing and on that same day entered an order revoking Smiley’s probation. Defense counsel subsequently filed a motion to reinstate Smiley’s probation and asked that the matter be set for an immediate hearing. In his motion, defense counsel alleged that he had been retained by Smiley for the purposes of the probation-revocation hearing, but had not been notified of the July 25, 2008, hearing. The circuit court conducted a new probation-revocation hearing on September 4, 2008.
 

 At the September 4, 2008, probation-revocation hearing, Jeff Hopper, a criminal investigator with the Etowah County Sheriffs Office, testified that on March 24, 2008, Jeffery Blake Stone’s father and stepmother reported Stone missing. Hopper testified that within the first week and a half of his investigation, he learned that Smiley had seen Stone shortly before he disappeared. Hopper interviewed Smiley in the beginning of April and let him go. Hopper testified that on July 1, 2008, he received information that Smiley had con
 
 *564
 
 fided in someone that he had been part of a crime involving Stone. Hopper testified that he interviewed Smiley a second time and that during the second interview Smiley gave a statement detailing a plan to kill Stone.
 

 A copy of the statement was read into evidence at the hearing. In his statement, Smiley said that his friend, Nathan Lee, had expressed a desire to kill Stone. Smiley stated that he owned a 9-mm Ruger gun that he gave Lee to use to kill Stone. According to Smiley, Lee shot Stone on March 24, 2008. After Stone was shot, Smiley helped Lee dispose of Stone’s body that same day by burying the body beside a logging road. Smiley stated that approximately one month later he stopped by the grave site and discovered Stone’s leg sticking out of the ground. Smiley stated that he and Lee then moved Stone’s body. According to Smiley, Lee ultimately placed Stone’s body in a freezer. Smiley stated that Lee had asked him to get a 55-gallon drum so that he could burn Stone’s body, but he had not done so at the time he gave his statement to police.
 

 Hopper testified that on July 1, 2008, Stone’s body was located in a freezer at Lee’s residence. According to Hopper, Smiley was arrested at that time and charged with murder. Hopper stated that the gun used to kill Stone was recovered shortly thereafter.
 

 David Dubose, Smiley’s probation officer, testified that Smiley was placed on probation on June 13, 2008. Dubose testified that he did not learn he had been arrested and charged with murder until sometime in August 2008. Dubose testified that he notified Smiley of the basis for the revocation of his probation — committing a new offense while on probation and failing to avoid injurious and vicious habits.
 

 After considering the evidence presented at the probation-revocation hearing, the circuit court, on September 18, 2008, entered an order revoking Smiley’s probation. In its order, the court, in pertinent part, stated:
 

 “[T]he Court is of the opinion that, although the Etowah murder took place prior to the time of [Smiley’s] June 13, 2008, plea, conviction and probation in Lee County for Unlawful Distribution of a Controlled' Substance, [Smiley] violated his probation. According to [Smiley’s] statement, he participated in contemporaneous events intended to cover up the murder, which would be part of the res gestae of the charged crime, up until his confession on July 1, 2008.”
 

 This appeal followed.
 

 On appeal, Smiley contends that the circuit court erred in revoking his probation based on alleged misconduct that occurred before he was sentenced and placed on probation. In
 
 Rutledge v. State,
 
 512 So.2d 824 (Ala.Crim.App.1987), this court held that criminal charges based on conduct occurring before sentences were imposed and probation ordered could not properly form the basis for the revocation of probation. This court explained:
 

 “We stated the general rule in
 
 Wilcox v. State,
 
 395 So.2d 1052 (Ala.Cr.App.1980), rev’d on other grounds, 395 So.2d 1054 (Ala.1981), that there can be no violation of a term or condition of probation other than by commissive or omis-sive conduct during the probationary period. See also
 
 Sides v. State,
 
 455 So.2d 48 (Ala.Cr.App.1984);
 
 Malloy v. State,
 
 380 So.2d 501 (Fla.Dist.Ct.App.1980);
 
 Demchak v. State,
 
 351 So.2d 1053 (Fla.Dist.Ct.App.1977);
 
 O’Steen v. State,
 
 261 So.2d 208 (Fla.Dist.Ct.App.1972); N. Cohen and J. Gobert,
 
 The Law of Probation and Parole
 
 § 9.05 (1983). The rule is based on the rationale that the offender did not break a condition because no
 
 *565
 
 such condition was in effect at the time of the wrongful acts.
 

 “In reviewing our disposition in
 
 Wilcox,
 
 our supreme court adopted the general rule stated above and expanded it to include the proviso that probation may be revoked where a defendant commits a crime while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence. See also
 
 Touch v. State,
 
 399 So.2d 934 (Ala.Cr.App.1981).”
 

 512 So.2d at 825.
 

 In the instant case, Smiley pleaded guilty on June 13, 2008, to unlawful possession of drug paraphernalia. That same day, the circuit court suspended the imposition of its sentence of one year’s imprisonment and ordered Smiley to complete one year of supervised probation. The evidence presented at the probation-revocation hearing established that almost three months before Smiley received a suspended sentence and was placed on probation, Smiley engaged in the alleged misconduct that resulted in his arrest for murder. The circuit court subsequently revoked Smiley’s probation based on his alleged misconduct occurring almost three months before the imposition of his sentence and his award of probation.
 

 The State encourages this Court to revisit its decision in
 
 Rutledge
 
 given the circumstances of this particular case, particularly the nature of Smiley’s new criminal offense and the fact that Smiley’s alleged participation in Stone’s murder was unknown to the circuit court at the time it imposed its sentence. The State contends that this court should adopt the position of Tennessee appellate courts, which allows a trial court to consider, for the purposes of revocation, offenses not disclosed at the time probation is granted. See
 
 State v. Williams,
 
 52 S.W.3d 109, 122-23 (Tenn.Crim.App.2001);
 
 State v. Stubblefield,
 
 953 S.W.2d 223 (Tenn.Crim.App.1997). However, Alabama’s position on this issue is in accord with other jurisdictions. See
 
 State v. Ballensky,
 
 586 N.W.2d 163 (N.D.1998);
 
 Patuxent Inst. Bd. of Review v. Hancock,
 
 329 Md. 556, 620 A.2d 917 (1993);
 
 Smith v. State,
 
 742 So.2d 1146 (Miss.1999);
 
 State v. Bennett,
 
 177 P.3d 428 (Kan.Ct.App.2008) (unpublished opinion);
 
 Malloy v. State,
 
 380 So.2d 501 (Fla.Dist.Ct.App.1980); and
 
 State v. Deptula,
 
 34 Conn.App. 1, 639 A.2d 1049 (1994). Athough we agree with the State’s contention that the circumstances surrounding Stone’s death are egregious, we are not inclined to overrule our decision in
 
 Rutledge.
 

 Because the circuit court relied on alleged misconduct by Smiley that occurred almost three months before the court sentenced him and placed him on probation, the circuit court’s order revoking Smiley’s probation is due to be reversed.
 
 Rutledge,
 
 supra. The circuit court is directed to set aside its July 25, 2008, order revoking Smiley’s probation.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 WELCH and WINDOM, JJ., concur.
 

 WISE, P.J., concurs in the result.