On Remand from the Alabama Supreme Court

KELLUM, Judge.
The appellant, Troy Andrew Smiley, appealed the circuit court’s revocation of his probation. Smiley argued on appeal that the circuit court erred in revoking his probation based on alleged misconduct that occurred before he was sentenced and placed on probation. This court agreed and reversed the circuit court’s judgment revoking Smiley’s probation. See Smiley v. State, 52 So.3d 563 (Ala.Crim.App.2009).
The State petitioned the Alabama Supreme Court for certiorari review, which the Supreme Court granted. On May 7, 2010, the Supreme Court reversed this Court’s judgment, holding that the circuit court, as the sole fact-finder in a probation-revocation hearing, did not exceed its discretion in revoking Smiley’s probation based on the evidence presented at the probation-revocation hearing. Smiley v. State, 52 So.3d 565 (Ala.2010).
In light of the Supreme Court’s holding, we affirm the circuit court’s judgment revoking Smiley’s probation.[1]
AFFIRMED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. We note that on May 24, 2010, the circuit court entered an order that purported to reinstate its orders revoking Smiley’s probation in accordance with the Supreme Court’s decision. However, the circuit court lacked jurisdiction to reinstate its orders revoking Smiley’s probation because jurisdiction over the case remained with the Supreme Court until May 25, 2010, the date it issued the certificate of judgment in this case, at which point the case was remanded to this Court. " 'The general rule is that jurisdiction of one case cannot be in two courts at the same time.' ” Rogers v. State, 782 So.2d 847, 848 (Ala.Crim.App.2000) (quoting Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999)). Therefore, the circuit court lacked jurisdiction to enter any order on May 24, 2010; thus, the circuit court’s May 24, 2010, order purporting to reinstate Smiley’s probation is void. See Gordon v. State, 710 So.2d 943, 945 (Ala.Crim.App.1998) (quoting McKinney v. State, 549 So.2d 166, 168 (Ala.Crim.App.1989)). Accordingly, it is now necessary for the circuit court to enter a new order in compliance with the Supreme Court's opinion.