DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

RAFAEL GARCIA, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

Nos. 2D2024-0208, 2D2024-0209, 2D2024-0212,
2D2024-0213, 2D2024-0214, 2D2024-0215,
2D2024-0218, 2D2024-0219, 2D2024-0227,
2D2024-0229, 2D2024-0282
CONSOLIDATED
_____

February 14, 2025

Appeal from the Circuit Court for Hillsborough County; Robin F. Fuson,
Judge.

Brian L. Shrader of Shrader, Mendez & O'Connell, Tampa, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Nicole
Rochelle Smith, Assistant Attorney General, Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

In this consolidated appeal, Rafael Garcia, Jr., challenges an order
revoking his probation in eleven separate cases.  Because the trial court
concluded that Garcia had violated his probation based on conduct that
predated his probationary sentence and on conduct that had not been
charged in the violation affidavit, we reverse that revocation order.

In August 2023 Garcia was serving terms of probation in six separate cases. That same month, the Department of Corrections filed a violation affidavit alleging that Garcia had committed several new law violations, which in turn gave rise to five additional criminal cases. On November 6, 2023, Garcia resolved all eleven matters by admitting that he had violated his probation and by pleading guilty in each of his five new cases. The trial court consequently revoked Garcia's probation in the older six cases and sentenced him to new, concurrent sixty-month probationary terms in all eleven cases.

On December 7, 2023, the Department filed another affidavit, this time alleging that Garcia had violated his probation by committing grand theft of a motor vehicle on July 29, 2023.[1] At the violation hearing on that affidavit, the State established that on November 6, 2023, Garcia had been placed on probation and that on November 27, 2023, he had been arrested while driving a vehicle that had originally been stolen on July 29, 2023. After a hearing, the trial court found that Garcia had violated his probation by committing grand theft of a motor vehicle on July 29, 2023, and by continuing to possess that vehicle until his arrest on November 27.[2] The court afterwards revoked Garcia's probation and sentenced him to 8.6 years' imprisonment in each case.

We review for competent substantial evidence a trial court's finding that a probationer willfully and substantially violated probation and review for an abuse of discretion its decision whether to revoke probation. *Kegler v. State*, 313 So. 3d 824, 827 (Fla. 2d DCA 2021). But

---

[1] The affidavit additionally alleged that Garcia had violated his probation by driving while his license was revoked as a habitual offender on November 27, 2023.

[2] The court determined that Garcia had not violated his probation by driving while his license was revoked.

we review de novo "question[s] about whether the proven conduct legally constitutes a violation of probation." *Hill v. State*, 301 So. 3d 1081, 1082 (Fla. 1st DCA 2020) (citing *Staples v. State*, 202 So. 3d 28, 32 (Fla. 2016)).

Here, the trial court erred in revoking Garcia's probation based on his grand theft of a motor vehicle. Although the affidavit alleged that the grand theft had occurred on July 29, 2023, and the evidence established that Garcia had originally stolen the vehicle on that date, the court did not impose the operative probationary sentence until November 6, 2023, and "the law does not permit the revocation of a defendant's probation for conduct which occurs prior to the entry of the probation order." *Malloy v. State*, 380 So. 2d 501, 502 (Fla. 2d DCA 1980); *see also Hinton v. State*, 462 So. 2d 583, 584 (Fla. 2d DCA 1985) ("The trial court could not, however, revoke appellant's probation because he had not yet been placed on probation at the time of the alleged violation."); *Guerra v. State*, 10 So. 3d 678, 679 (Fla. 3d DCA 2009) ("[A] violation of probation cannot be based on conduct that predates the probation sentence."); *O'steen v. State*, 261 So. 2d 208, 208 (Fla. 1st DCA 1972) ("Appellant contends that the trial court's revocation of probation was erroneously based on conduct engaged in by appellant prior to his having been placed on probation. We agree.").

And although the trial court correctly determined that Garcia also had been committing grand theft on November 27, 2023, by continuing to use the stolen vehicle on that date, *see* § 812.014(1), Fla. Stat. (2023), that is beside the point. The violation affidavit did not allege that Garcia had violated probation by committing grand theft on November 27, 2023, and due process precludes revocation of probation based on conduct not alleged in the affidavit. *Vann v. State*, 288 So. 3d 757, 758 (Fla. 2d DCA

2020) (quoting *Johnson v. State*, 811 So. 2d 749, 750 (Fla. 2d DCA 2002)). More specifically, if an affidavit alleges that a violation occurred on a particular date, the probationer may not be found to have violated probation unless shown to have committed the violation on that alleged date. *See Johnson*, 811 So. 2d at 750 (reversing revocation order based on finding that defendant had not remained confined to his approved residence on April 11, 2000, where violation affidavit alleged only his failure to remain confined on March 31, 2000); *Hodges v. State*, 262 So. 3d 842, 844–45 (Fla. 1st DCA 2018) (reversing revocation order because the violation affidavit alleged that defendant had improperly left his county of residence when he "left Nassau County and entered Duval County on March 8, 2017," but "no evidence was presented that [the defendant] was in Duval County on March 8, 2017"; rather, evidence established only that defendant had been arrested in Duval County on June 15, 2017); *Bourne v. State*, 869 So. 2d 606, 606–07 (Fla. 1st DCA 2004) (holding that although the violation affidavit alleged that the defendant had been cited for careless driving on June 18, 2002, the court erroneously concluded that defendant had violated his probation by driving carelessly on April 8, 2002); *Perkins v. State*, 842 So. 2d 275, 277–78 (Fla. 1st DCA 2003) (reversing revocation order where the violation affidavit alleged that the violation had occurred in April but the evidence established and the court found that the violation had occurred "during the months of May through November"). We therefore reverse the revocation order (and attendant sentence) and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KHOUZAM and BLACK, JJ., Concur.

_____

4

Opinion subject to revision prior to official publication.